## HILL et al. v. SMITHVILLE INDEPENDENT SCHOOL DIST. (No. 425–3787.)

(Commission of Appeals of Texas, Section A. May 23, 1923.)

1. **Statutes ⊜96(1)—Legislature has constitutional power by special act to create, enlarge, or alter independent school districts.**

Under Const. art. 7, § 3, granting power to create independent school districts, the Legislature may create independent school districts by special act, and may enlarge, add to, or alter them.

2. **Schools and school districts ⊜41(2)—Special act creating independent school district held not to impair status of bonded indebtedness.**

Sp. & Loc. Acts 37th Leg. (1921) 1st Called Sess. c. 62, creating the Smithville independent school district, providing that any or all outstanding bonded indebtedness, existing on any portion of the territory taken in, shall remain in full effect and shall be chargeable against the territory voting the same, does not attempt to impair the status of the bonded indebtedness.

3. **Schools and school districts ⊘99—Maintenance tax of independent school district as enlarged not exceeding constitutional limit held valid.**

Under Const., art. 7, relating to the creation of independent school districts, where an independent school district votes a special tax and afterwards extends the boundaries of the district, the existing special tax cannot be levied and collected on property in such extensions until authorized by a vote of the qualified taxpaying voters of the district so extended and, hence, where a district, after extension, voted a maintenance tax of 60 cents on the $100 valuation, including the added territory, the tax was valid, where, taking into consideration the existing tax resting upon parts of the added territory, the entire amount did not exceed the constitutional limit.

4. **Schools and school districts ⊘103(2)—Irregularity in tax election does not invalidate, unless result of election affected.**

Statutes regulating the manner of holding a school tax election are merely directory, and a departure from their provisions will not ordinarily invalidate the election, unless such departure or irregularity has affected or changed the result.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by T. O. Hill and others against the Smithville Independent School District, to enjoin the collection of a tax. A temporary injunction granted in vacation was dissolved, and the order of dissolution was affirmed by the Court of Civil Appeals (239 S. W. 987), and plaintiffs bring error. Affirmed as recommended by the Commission of Appeals.

J. S. Jones and J. H. Powell, both of Bastrop, for plaintiffs in error.

A. C. Smith of Lake Charles, La., and W. P. Dumas, of Dallas, for defendant in error.

RANDOLPH, J. This suit originated in the district court of Bastrop county, brought by plaintiffs in error for an injunction to restrain the collection of a maintenance tax of 60 cents on the $100 taxable valuation of property levied for the year 1921 by the Smithville independent school district by virtue of an election held on the 24th day of September, 1921, in which the property taxpaying voters, by a constitutional number, voted to levy the tax.

The trial court having granted a temporary injunction in vacation, on motion, dissolved it, and appeal was taken from such order of dissolution to the Court of Civil Appeals, and that court affirmed the trial court's judgment.

The Court of Civil Appeals have made the following findings of fact:

"The Smithville independent school district was created by a special act of the Legislature of this state of August 18, 1921 (Sp. & Loc. Acts 37th Leg. 1st Called Sess. c. 62), which took effect on that day. It includes within its bounds the town of Smithville, which had there-tofore assumed control of its public schools, and also considerable adjacent territory, including parts of the Alum Creek, the Upton, the Lower Hill Prairie, and Lake Farm common school districts.

"On April 10, 1916, the Alum Creek district issued bonds for school purposes, $400 of which are still outstanding and unpaid. Said district, prior to the passage of said act, had levied a tax of 25 cents on the $100 valuation of property therein to pay the interest on sinking fund of said bonds. On February 17, 1916, the Alum Creek district levied a maintenance tax of 25 cents on the $100 valuation of property in said district, which is still in force in said district as now constituted.

"On April 9, 1917, the Upton district levied a maintenance tax of 15 cents on the $100 valuation of property in that district, which is still in force in that district as now constituted.

"Prior to the passage of the act creating the Smithville independent school district, the town of Smithville had issued for school purposes bonds in the aggregate sum of $82,400, and levied at the respective times of issuing the same a tax to meet the interest and sinking fund thereon, aggregating 10 cents on the $100 valuation of property in said town. Said bonds are outstanding and unpaid.

"Section 5 of the act provided that all outstanding indebtedness should remain chargeable against the territory which voted the same, but that the board of trustees might order an election 'for the purpose of determining' whether or not the district herein created as a whole shall assume such outstanding indebtedness.'

"On September 24, 1921, an election was held in the Smithville independent district to determine whether or not the trustees of said district should be empowered to levy an annual tax for maintenance purposes, not to exceed 100 cents on the $100 valuation of property therein. A large majority of the voters of the district cast their votes in favor of the tax.

"The board of trustees of said Smithville district has levied, for the year 1921, a tax of 60 cents on the $100 valuation of property in said district. It is alleged by appellants that, unless restrained from so doing, said trustees will cause such tax to be assessed and collected.

"Appellants brought this suit to restrain the levy and collection of said tax. They obtained a temporary injunction restraining the assessment and collection of such tax, which, upon motion, was dissolved by the trial court. This is an appeal from the judgment dissolving the temporary injunction. The appellants were qualified by citizenship and property interests to bring this suit." 239 S. W. 988.

"Article 7, § 3, of the Constitution of Texas expressly grants to the Legislature the power to create independent school districts, but the plaintiffs in error attack the special act of the Legislature creating the district in controversy upon the following grounds: That the maintenance tax levied as to the portions of the Upton and Alum Creek districts, which were taken into the Smithville district, are not repealed or released by the incorporation of the Smithville district, and

that the act is unconstitutional and void, because it creates a tax that is not uniform; that if the maintenance tax levied in such parts of said districts prior to their incorporation into the Smithville district is released, then it is unconstitutional, because it impairs a lien to secure the payment of interest and principal of bonds extant, by releasing and extinguishing the tax obligation and indebtedness; that the portion of the Alum Creek district incorporated into the Smithville district was under a bonded indebtedness, and that the act was unconstitutional because it impaired the security for the payment of such bond; because the realignment of the added territory deprived eight negro pupils of school privileges; that the election at which the maintenance tax was voted was illegal; that the appointment of a manager for such election was not authorized by law; that notice of such election was illegal because not issued by the secretary of the board of trustees; because the election provided for excess taxation and the resulting tax was not uniform.

[1, 2] That the Legislature has the power, granted to it by the Constitution, to create independent school districts by special acts and for that purpose is given a "free hand," is held in State v. Brownson, 94 Tex. 436, 61 S. W. 114. Having the power to create these districts, it naturally follows that it has the power to enlarge, add to, or alter same. Recognizing the power of the Legislature to add to such districts does not mean that we hold that, by any special act, the Legislature can impair contractual rights then in existence or destroy bonded security. The special act creating the Smithville district provides that any or all outstanding bonded indebtedness existing on any portion of the territory taken in shall remain in full force and effect and shall be chargeable against the territory voting the same; hence there is no attempt to impair the status of the bonded indebtedness.

All the maintenance taxes are released by this act, but such taxes as were levied to take care of the bonded indebtedness existing upon each portion of said new district and the maintenance taxes voted by the qualified voters of the new district continue in force.

[3] In the case of Crabb v. Celeste Ind. School Dist., 105 Tex. 205, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146, our Supreme Court has held, in construing article 7 of our state constitution, that when an independent school district votes a special tax, pursuant to the authority conferred by the same section, and afterwards extends the boundaries of such district, the existing special tax so authorized cannot be levied and collected on property in such extensions until such tax is authorized by a vote of the qualified taxpaying voters of the district so extended. This being the law and the main-

tenance tax of 60 cents having been voted by the voters of the whole of the new district as constituted by such special act, including the added territory, it was a valid tax, unless, with the existing tax voted to take care of the bonds, in the Alum Creek district, it exceeded the constitutional limits.

The maintenance tax by the newly created district was 60 cents on the $100 taxable valuation. Prior to the levy of this tax, a tax of 3 cents and another of 6 cents had been voted and levied in the old Smithville district to take care of two bond issues for $6,500 and $17,000 respectively. In the Alum Creek district, prior to the realignment of the territory and incorporation of a part of it in the Smithville district, a tax of 25 cents had been voted to take care of a bond issue amounting to $2,500, of which bonds all but $400 had been paid off at the time of the taking effect of the act creating the new district. These are the only taxes existing at such time by reason of our holding that the maintenance taxes were released.

Clearly it will be seen that the sum total of these taxes does not exceed the constitutional limit of $1 on the $100 taxable valuation. Houston v. Gonzales Ind. Sch. Dist. (Tex. Com. App.) 229 S. W. 467.

The added territory is to bear a pro rata part of the new taxes voted according to taxable values, but does not have to bear any portion of any pre-existing debt upon the other portions of the district, unless it has been assumed by a vote of the qualified voters in the whole of the new district.

[4] As to the claim of irregularity urged by the plaintiffs in error as invadidating the election authorizing the 60 cent tax, the rule is that statutes regulating the manner of holding an election are merely directory, and a departure from their provisions will not, ordinarily, invalidate an election, unless such departure or such irregularity have affected or changed the result of the election. Dillon on Municipal Corporations (5th Ed.) vol. 1, p. 642; McCrary on Elections, § 200; Wilmarth v. Reagan (Tex. Civ. App.) 231 S. W. 445.

We hold that the evidence fails to disclose that the irregularity, assigned by plaintiffs in error in any way affected the result of the election.

We have carefully considered each assignment of error presented in plaintiffs in error's application for the writ, and, finding no reversible error, overrule all such assignments.

We therefore recommend to the Supreme Court that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.