## WILLIAMS et al. v. GLOVER et al.
(No. 62.)

(Court of Civil Appeals of Texas. Waco.
Feb. 28, 1924.)

**1. Elections ⊂══44—Effect of failure of proper officer to issue call for election stated.**

In the case of general elections, where the law directs that such an election be held, and that certain officers be elected, or issues decided, and fixes the time for holding the same, the failure of the proper officer to issue a call therefor does not invalidate an election held in pursuance of such provisions of law, notwithstanding such officer may be specially charged by law with such duty.

**2. Elections ⊂══29—No inherent right in people to hold election.**

There is no inherent right to hold an election for any purpose; it being necessary that such action be based on authority conferred by law.

**3. Schools and school districts ⊂══103(2)—Duties imposed on county judge with respect to special school tax elections cannot be performed by others.**

Where a county judge is vested with power and authority to determine the sufficiency of a petition calling a special election to determine whether an increased school tax shall be levied, and, if the same is found sufficient, to direct that such election be held, and to fix a time and place for holding the same, no one else can exercise such discretion or discharge such duty.

**4. Schools and school districts ⊂══103(2)—Requisites of order for special school tax election stated; "ordered."**

When a county judge, acting under authority of Laws 1921, c. 24, has determined that a petition for a special election to determine whether a tax to supplement the school fund of a district shall be levied is sufficient, and has directed that an election shall be held to determine such issue and has fixed the time and place for holding the same, he has "ordered" an election within the meaning of the statute.

**5. Schools and school districts ☞103(2)—Requisites of call for special school tax election stated.**

If the manner of performance of the county judge in calling an election under Laws 1921, c. 24, is such as will reasonably accomplish the purpose of the law, it should be *held* sufficient.

**6. Schools and school districts ☞103(2)—Action of county judge held to constitute valid order for special election to supplement district school fund.**

Where, on presentation of a proper petition calling for an election for the purpose of levying a tax to supplement the school fund of a district, a county judge, acting under authority of Laws 1921, c. 24, made a written entry on the books used by the commissioners' court in transacting the county business, stating that the petition had been considered and granted, and filing the time and place of holding such election, and appointing a presiding judge to hold the same, and the petition was then filed with the county clerk, stating the precise issue to be determined and the rate of tax to be voted upon, such action constituted a valid order or call for the election subsequently held, since every specific requirement of the statute was substantially complied with in making such entry in the records of the commissioners' court, when construed with the filed petition.

**7. Schools and school districts ☞103(2)—Order calling election to supplement school fund not invalidated by failure of judge to sign officially.**

That an order calling an election for the purpose of levying a tax to supplement the school fund of a district was not signed officially by the county judge and entered upon a particular record book, did not render such order invalid under Laws 1921, c. 24.

**8. Schools and school districts ☞103(2)—Validity of order calling election to supplement school fund not affected by amplification by county clerk.**

Where an entry by a county judge, upon the books of the commissioners' court relating to a petition for an election for the purpose of levying a tax to supplement the school fund of a district constituted a valid order for the election, that the county clerk amplified such entry into a formal order and entered it on the minutes of the commissioners' court did not render it invalid, where neither the court nor the commissioners had anything to do with the amplified order or the entry of the same.

**9. Schools and school districts ☞103(2)—Election to supplement school fund held not invalidated by irregular notices.**

That the notices of an election for the purpose of levying a tax to supplement the school fund of a district under Laws 1921, c. 24, were irregular *held* not to invalidate the election subsequently held, where the notices gave adequate information concerning the time, place, and purpose of the election, and it was not shown nor contended that any voter failed to participate therein because of any irregularity in such notices.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by B. F. Glover and others against C. R. Williams and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Morrow & Stollenwerck, of Hillsboro, for appellants.

T. H. Jackson and Collins, Dupree & Crenshaw, all of Hillsboro, for appellees.

GALLAGHER, C. J. B. F. Glover and J. T. Hawkins, appellees herein but plaintiffs in the court below, brought this suit in the district court of Hill county against C. R. Williams, tax collector of said county, Arthur Pratt, tax assessor of said county, the members of the commissioners' court of said county, and the several trustees of common school district No. 67 of said county, to enjoin the collection of a certain increase in the school tax of said school district, and to enjoin further levies of such tax, and to declare the school tax election purporting to authorize such increase in said tax illegal and void.

A temporary injunction was granted as prayed, which on final hearing before the court was perpetuated and said election declared illegal and void. Said tax assessor, said tax collector, and the trustees of said school district present the case to this court for review on appeal.

B. F. Glover and J. T. Hawkins, plaintiffs in the court below, are resident property taxpaying voters in common school district No. 67 of Hill county. On May 15, 1923, I. O. Underhill presented to W. L. Wray, county judge of Hill county, a petition signed by himself and other property taxpaying voters residing in said school district, asking said county judge to order an election to determine—

"whether the majority of the resident property taxpaying voters of said district desire to raise the tax of and at the rate of fifty cents on the one hundred dollars valuation of taxable property to a rate of seventy-five cents on the one hundred dollars valuation of taxable property in the above-named district, and whether this rate shall be levied and collected in said district for said purpose."

The sufficiency of said petition is not questioned. It was presented to Judge Wray in his office. He personally considered the same and wrote upon the commissioners' court docket the following:

"5–15–23. Petition heard and granted and election ordered held at schoolhouse in C. S. D. No. 67 on Saturday, June 9th, 1923, and I. O. Underhill is appointed presiding judge."

No member of the commissioners' court was consulted about such order or participated in any way in making the same, and no member of such court was present when

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the same was made. This order was not signed. It does not appear that Judge Wray did anything further with reference to the matter. It was the custom in such cases for the county clerk to enter an amplified order on the minutes of the commissioners' court. In doing so it was his further custom to use a printed copy of an old "Notice of School Tax Election" as a form. This old form appears to have been one prepared under section 5S of the General School Laws enacted by the Legislature in 1905 (Gen. Laws, p. 278). By the express terms of said section, application for an election to determine whether a local school tax should be levied was required to be made to the commissioners' court, and the election ordered by that body. Said section was amended by an act of the Legislature approved February 18, 1909 (Gen. Laws, p. 17) by the terms of which amendment such petitions were required to be presented to, and such elections ordered by, the county judge. The aforesaid custom was followed in this case, and an amplified order for such election was entered on the commissioners' court minutes in accordance with such form. This form, in pursuance of the law under which it seems to have been prepared, recited that the petition was presented to "the court," was considered by "the court," granted by "the court," and the election ordered by "the court." The order did not show on its face what "court" acted in the premises. There is no contention that the terms of such amplified order did not meet every requirement of the law, except that it is contended that "county judge" should have been used wherever "the court" appears therein.

The county clerk prepared three copies of this amplified order and attached to each such copy a certificate that the same was "a true and correct copy of an order of the commissioners' court of Hill county, Tex., made and entered at the May term thereof, 1923, as the same appears in the minutes of said court." These certified copies of said amplified order were delivered by the county clerk to I. O. Underhill, who personally presented said petition, and were by him posted in three public places in said district in the manner and for the length of time required by the law under which such election was applied for, ordered, and held. Judge Wray never directed the sheriff of said county to post notices of the election so ordered, nor did the sheriff authorize said Underhill to post the same. No other notice of such election was given, but it was admitted in open court on the trial of the case that—

"All the property taxpaying voters residing in said district at the time of the petition for the election and at the time the purported notice thereof was given and at the time the purported election was held, had actual knowledge of the time and place and purpose of said election."

The election was duly held and resulted in favor of the levy of the increased tax. The commissioners' court duly canvassed the returns, so declared the result, and levied the school tax for the year 1923 on all the taxable property in said district at such increased rate. Such tax was assessed against the property of plaintiffs situated in said district and entered upon the tax roll and turned over to the tax collector for collection.

Judge Wray and the county clerk were the only witnesses examined on the trial of this case. Judge Wray's testimony was in accord with the facts as above recited. The county clerk, after testifying to the facts so recited, further testified:

"When I filled in this blank order I was acquainted with the fact that the election had been ordered by Judge Wray upon the petition heretofore mentioned. * * * I made that certificate personally [referring to the certificate to copies of the amplified order delivered to Underhill and posted as notice of election]. * * * There is no provision made in the law that specifically sets out that the county judge's order has to be recorded in the minutes, but in order that there will be an order for the tax assessor to be guided by and county superintendent in submitting to the court the rates of special school taxes in the various districts, in order that there will be a record of these districts that have increased or decreased their taxes, the order of the county judge, entered at length, as we enter all orders at length, is always recorded in the commissioners' court minutes. All orders with reference to petitions for elections are recorded therein like this one. Then we make four copies of this notice and use the body of this notice as the extended order of the county judge and enter that in the minutes of the commissioners' court, and that certificate certifies that this order will be found in the commissioners' court minutes. That is the purpose of that certificate. Instead of the certificate saying that it is the order of the commissioners' court, it should state that it is an order in the commissioners' court minutes. This certificate, to be absolutely correct, should say 'a copy of order of the county judge entered in the commissioners' court minutes.' This is a form that has been used for years and years. At the time I made this certificate I made it with the understanding that it was the order of the county judge. The commissioners' court doesn't have anything to do with school tax elections. They didn't have in this case; never have had in any. The law did not at one time provide for the ordering of such elections by the commissioners' court. I don't think it ever did. It has been the county judge. Well, 40 years ago it might have been otherwise. I don't know. I don't know whether or not that blank was probably printed at a time when the commissioners' court at one time ordered such elections. It is a copy of one that had been used before, and it has been the custom since 1901."

The testimony does not disclose whether the commissioners' court was in session on the 15th day of May, 1923, or not. Neither

does it clearly appear therefrom whether said amplified order was entered in the body of the minutes of a term of the commissioners' court, or merely in the minute book of said court independent of the record of the proceedings of any term thereof.

Said section 58 of the General School Laws, as amended by Act February 18, 1909 (Gen. Laws, p. 17), was carried into the Revised Statutes of 1911 and constituted article 2828 thereof. In 1921 the Legislature enacted a new and independent law on the subject of local taxation by common school districts, but section 2 of said act (Vernon's Ann. Civ. St. Supp. 1922, art. 2828), except with reference to the limit of the tax which may be voted, is substantially the same as said section 2828 of the Revised Statutes in force prior to such enactment (Gen. Laws 1921, c. 24. p. 56). Said section 2 of said act provides in substance that the county judge shall, on presentation to him of a proper petition, order an election to be held in the district named in such petition for the purpose of levying a tax to supplement the school fund apportioned thereto, and to determine whether such tax shall be levied. It requires the petition to state the rate of the proposed tax. It requires the order of the county judge to state the time, place of holding such election, and the rate of tax to be voted upon. It requires the county judge to order the sheriff to give notice of such election by posting three notices in the district for three weeks prior thereto. It further provides that the manner of holding such elections shall be governed by the provisions of certain articles of the Revised Statutes, one of which requires the county judge to appoint a presiding officer for each voting place. The returns of the election so held are required to be made to the commissioners' court. There is nothing in the statute in terms requiring the order of the county judge in such cases to be in writing, but such requirement may be fairly inferred from the fact that such order is required to state the time and place of holding the election and the rate of tax to be voted upon. There is nothing in the statute requiring the county judge to sign his order in such cases, nor requiring it to be held subject to inspection by the public either in his office or the office of the county clerk, nor requiring or even authorizing it to be recorded in any public record.

The provisions of the statute under consideration are very similar to the provisions of the statutes with reference to elections to determine whether towns or villages shall be incorporated (R. S. arts. 1034, 1036–1041) and with reference to elections to abolish existing municipal corporations (R. S. arts. 1078, 1079). In each of said cases the power of the judge to order an election must be invoked by a proper petition, the sufficiency of which he is of course authorized to judge.

When such power is so invoked, it is his duty to order an election to determine the issue, to fix the time and place for holding the same, to appoint a presiding judge therefor, and to see that the required notice of such election is given. No specific provision is made in such cases for reducing the order of the judge for the holding of such elections to writing, nor requiring such orders to be signed by him, nor requiring them to be held subject to public inspection, nor requiring nor authorizing such orders to be recorded in any public record. In each of such cases, however, the statute requires the returns to be made to the county judge and requires him to canvass the same and to declare the result of the election. In each of such cases it is specifically provided that, upon canvassing the returns of the election, the county judge shall make an entry upon the records or minutes of the commissioners' court, declaring and effectuating the decision of the voters in such election. R. S. arts. 1041, 1079.

It therefore appears that in each of such cases the question of what part of such election proceeding should be preserved by an enduring record was in the legislative mind, and that it was determined that only the final result of the election should be so preserved. It further appears that the Legislature considered the minutes of the commissioners' court, or perhaps, more accurately speaking, the book in which the minutes of the commissioners' court were entered, the proper place to record the official acts of the county judge in election matters, though such acts were his alone and in no sense the acts of said court.

[1] It is, we think, held with practical unanimity that, in case of general elections, where the law directs that such an election be held and that certain officers be elected or certain issues be decided therein, and fixes the time for holding the same, the failure of the proper officer to issue a call therefor does not invalidate an election held in pursuance of such provisions of law, notwithstanding such officer may be specially charged by law with such duty. 9 R. C. L. p. 989, § 12; 20 C. J. p. 96, § 81. So in this state an election of school trustees, held at the accustomed place at the time fixed by law, was held valid, notwithstanding the county judge had neglected to call such election, and, on discovering such failure too late to issue the call within the time required by law, had directed that no such election be held. Buchanan v. Graham, 36 Tex. Civ. App. 468, 81 S. W. 1237.

[2-5] There is, however, no inherent right in the people, whether of the state or of some particular subdivision thereof, to hold an election for any purpose. Such action must be based on authority conferred by law. 9 R. C. L. p. 989, § 12. So in special elections such as the one under consideration, it is

necessary to determine the issue to be submitted therein, which is done in drafting the petition. It is then necessary that an election to determine such issue be demanded, which is done by securing the requisite number of signers to such petition and presenting the same to the county judge for action. The county judge is vested with power and authority · to determine the sufficiency of such petition, and, if the same is found sufficient, to direct that such election shall be held to determine the issue presented therein, and to fix the time and place for holding the same. No one else can exercise such discretion or discharge such duties. 20 C. J. p. 95, § 79, and notes 18 and 19; Supervisors v. Cook, 38 Ill. 44, 87 Am. Dec. 282. When he has determined the sufficiency of a petition and directed that an election shall be held to determine the issue presented therein, and has fixed the time and place for holding the same, he has "ordered" an election within the meaning of the statute. The Legislature has not seen fit to prescribe in detail just how such acts shall be performed or evidenced. Much is necessarily left to his discretion. If the manner of performance is such as will reasonable accomplish the purpose of the law, it should be held sufficient. Clark v. Leathers (Ky.) 5 S. W. 576. The giving of notice of such election to the voters entitled to participate therein will be considered later.

[6-8] Did the action of Judge Wray in this case, as disclosed by the undisputed evidence, constitute a valid order or call for the election subsequently held in pursuance thereof? He made an entry in writing on one of the books used by the commissioners' court in transacting the county's business. This entry is dated and states that the petition has been considered and granted. The petition therein referred to was then filed with the county clerk. It stated the precise issue to be determined and the rate of tax to, be voted on. It should be considered in connection with the said written entry. There is no contention that any doubt or uncertainty existed concerning the identity of the petition referred to in such entry. Considering such petition as constituting in effect a part of said entry, it met the requirement of the statute with reference to embracing a statement as to the rate of tax to be voted on. It also fixed the time and place of holding such election and appointed a presiding judge to hold the same. Every specific requirement of the statute was substantially complied with in making said entry. The statute not having prescribed as a test of the validity of an order for such an election that it shall be signed officially by the judge and entered upon any particular record book, we do not feel at liberty to prescribe such requirements and to

259 S.W.—61

hold said entry invalid as an order for such election because it did not conform thereto. The fact that the clerk amplified such entry into a formal order and entered it on the minutes of the commissioners' court, or in the minute book of said court, did not destroy its force and effect. The undisputed evidence shows that neither said court nor any of the commissioners composing the same had anything to do with such amplified order or with the entry of the same.

[9] The notices of election posted in such school district were irregular in attributing the order for such election to the commissioners' court, and in the manner of their authentication. Nevertheless, they gave adequate and accurate information concerning the time, place, and purpose of such election. While the statutory provisions with reference to posting notices, when substantially complied with, are sufficient in themselves to support the validity of such an election, such compliance constitutes constructive notice only. It was admitted on the trial of this case that there were only 25 property taxpaying voters residing in the district. Approximately two-thirds of them had signed the petition for such election. It was admitted that every one of them had actual knowledge of the time, place, and purpose of the same. It is not shown, nor even contended, that any voter failed to participate in the election because of any irregularity in said notices. Approximately one-half the total number of voters actually participated. The vote in favor of the tax was nearly two to one. We do not think the irregularity shown was sufficient to affect the validity of such election. Hill v. Smithville Independent School District (Tex. Com. App.) 251 S. W. 209, 211; Id. (Tex. Civ. App.) 239 S. W. 987, 991; Wallis v. Williams, 50 Tex. Civ. App. 623, 110 S. W. 785; 787; McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S. W. 278, 285; State v. Doherty, 16 Wash. 382, 47 Pac. 958, 959–961, 58 Am. St. Rep. 39; In re Cleveland, 52 N. J. Law, 188, 19 Atl. 17, 20 Atl. 317, 7 L. R. A. 431, 435; State v. Troell (Tex. Civ. App.) 207 S. W. 610 (writ refused); 9 R. C. L. pp. 991, 992, § 14; 20 C. J. p. 97, § 82.

There is no material conflict in the evidence nor is there reasonable ground for difference with reference to deductions necessary to be drawn therefrom. The judgment of the trial court is reversed as to all the defendants therein. Railway Co. v. Enos. 92 Tex. 577, 580, 50 S. W. 928. Judgment is here rendered that appellees Glover and Hawkins take nothing herein, and that appellants and the other appellees herein go hence without delay and recover all their costs.