## SYKES et al. v. PANDORA INDEPENDENT SCHOOL DIST. et al. (No. 8165.)

Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1929.

Rehearing Denied March 6, 1929.

R. R. Smith, of Jourdanton, for appellants.
S. B. Carr, of Floresville, for appellees.

FLY, C. J. This is a suit filed by C. Sykes, G. Sykes, and Evans, against Pandora independent school district and its board of trustees, consisting of Terrell Irvin, J. H. Collins, L. L. Holstein, F. T. Magee, Fritz Kupatt, E. E. Irvin, and Tom Garner, seeking a judgment, declaring that a certain election held to authorize the issuance of certain bonds from which to realize a sum of money to erect a schoolhouse in said district was null and void, and, in the alternative, for an injunction to restrain the trustees from issuing and selling said bonds. The court sustained certain special exceptions to the petition, and, appellants failing to amend, the suit was dismissed.

We copy the purposes sought in the petition from the brief of appellants:

"(1) Of enjoining the issuance of certain school bonds of appellee school district (a) because of a lack of public necessity for the use of the funds to be raised by sale of the bonds, and (b) because of an abuse of discretion by the board in calling the election and of the participants in voting the bonds in the amount named ($22,000), and (c) because the issuance of the bonds and levying of the tax would constitute the taking of complainants' property in said district without due process of law;

"(2) Of contesting the validity of the election itself because of a lack· of proper notice in the matter of time of giving and of an insufficiency of the petition, order of election and notice of election in the matter of form and substance; and,

"(3) To enjoin the carrying out of a contract to sell the bonds made before they were issued or even approved by the attorney general."

The validity of the election was assailed on the grounds of the insufficiency of the petition, of insufficient notice, and because there was no public necessity for issuing the bonds and using the funds arising from their sale in the erection of a schoolhouse.

There are four assignments of error relied on by appellants, each presenting an error in the action of the court in sustaining certain special exceptions to the petition, and, in order to test the soundness of the assignments of error, we will analyze the articles of the statute relied upon to sustain the attacks made on the election. Subdivision 2, art. 2784, Revised Statutes of 1925, authorizes the purchase, construction, repair, or equipment of public free school buildings by independent districts, and the levy of a tax not exceeding 50 cents on the hundred dollars valuation, and specifies that such tax is "to be for the payment of the current interest on and provide a sinking fund sufficient to pay the principal of bonds which said districts are empowered to issue for such purposes." Subdivision 3 applies to a maintenance tax, and has no applicability to the tax sought to be levied in this case. Subdivision 4 requires the question of the issue of bonds to be authorized by a majority of the votes cast at an election held in the district for such purpose, and provides the qualifications of·the voters.

Article 2785 provides that, before an election is held to determine as to the levy of a tax or issuance of bonds in an independent district, a petition signed by twenty or more or a majority of the qualified voters shall be presented to the school trustees, and, when such is presented, the trustees shall issue an order for an election and order the sheriff to post notices in three places in the district for three weeks prior to the election. It is also provided that the petition, election order, and notice of the election shall in all cases either state the specific rate of tax to be voted on, or that the rate shall not exceed the rate specified, and the orders and notices shall state the time and place of holding the election. The trustees of the district are empowered to canvass and declare the result of the election.

In article 2786 it is provided that the issuance of bonds is to be voted on in an independent school district; the petition, order, and notice of election must distinctly specify the amount of the bonds, the rate of interest, their maturity dates, and the purpose for which the bonds are to be used. The article also provides the maximum rate of interest, the form of the ballot, and other matters not involved in this suit.

In the case of Hill v. Smithville Independent School Dist., 251 S. W. 209, the Commission of Appeals, in passing upon the requirements in calling bond elections, held: "As to the claim of irregularity urged by the plaintiffs in error as invalidating the election authorizing the 60 cent tax, the rule is that statutes regulating the manner of holding an election are merely directory, and a departure from their provisions will not, ordinarily, invalidate an election, unless such departure or such irregularity have affected or changed the result of the election." It is not alleged in appellant's petition that any of the irregularities alleged affected or changed the result of the election. In the opinion in the case from which we quoted the Court of Civil Appeals (239 S. W. 987), it appeared that notices had not been posted, and the court said: "The voters had actual notice of such election, as is shown by the fact that a large majority thereof voted at the election. It was not alleged or proven that any one failed to vote at the election for want of notice thereof." That opinion was approved in the Commission of Appeals. In this case there is no allegation that any of the irregularities charged deprived any voter of his right to vote or had any effect whatever upon the result of the election.

In the case of Williams v. Glover (Tex. Civ. App.) 259 S. W. 957, the court considered several irregularities in calling the election, and held that they did not invalidate the election in the school district, and especially on the question of irregular notices of election said: "It is not shown, nor even contended, that any voter failed to participate in the election because of any irregularity in said notices. * * * We do not think the irregularity shown was sufficient to affect the validity of such election."

There is a general allegation, a mere conclusion, that a majority of the voters were deceived as to the amount of tax they were attempting to vote, but it is not alleged that the amount was not within the limits of the law. The petition seems to present academic questions of irregularities as to notices and

other matters, but the allegations fail to state facts showing that such irregularities in any manner affected the result of the election.

The voters passed on the necessity for the issuance of bonds by voting for their issuance, and courts have no right or power to inquire into such necessity. If there are ninety-nine children in the school district, as alleged, they are entitled to have an education, and must necessarily have a schoolhouse in which such education can be imparted.

The judgment is affirmed.