

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXXXXX~~xxxx
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable V. B. Goar
County Attorney
Blanco County
Johnson City, Texas

Opinion No. O-4934
Re: (1) Whether notices of bond
assumption and maintenance
tax election were posted in
sufficient time;
(2) Whether property may be
placed on the rolls of rural
high school district on Octo-
ber 1st.

Dear Sir:

We have received your letter of October 16, 1942,
which we quote, in part, as follows:

"On the 17th day of September, A.D. 1942
the Board of Trustees of Johnson City Rural
High School District ordered an election on
the question of levying and collecting a tax
for the maintenance of the public free schools
in Johnson City Rural High School District;
and also upon the question of the assumption
of the outstanding indebtedness, issued prior
to the formation of the present District.

"The Secretary, Board of Trustees of
Johnson City Rural High School District, on
the 18th day of September, A. D. 1942 posted
a true and correct copy of said Notice of
Election at three different places, to-wit:
One at Post Office, Round Mountain, Texas; one
at Post Office, Sandy, Texas; and one at Post
Office, Johnson City, Texas, within the bounda-
ries of said District. The above mentioned
election was held on the 28th day of Sep-
tember, A.D. 1942.

"Question: Was the notice posted long
enough, in the above, for the election to be
legal under the law?

"After this above election was held,
on the 28th day of September, A.D. 1942, the
Board of School Trustees, through their Sec-
retary, notified the Tax Assessor-Collector
of Blanco County, Texas, on the 30th day of
September, A. D. 1942, and requested that
said property in the territory be assessed
for the tax voted on the 28th day of Septem-
ber, A. D. 1942. At the time that the Tax
Assessor-Collector received this notice, he
had not closed his rolls for the year 1942,
and so he placed the tax voted above on the
property affected.

"Question: Was it legal for this prop-
erty to be placed on the tax rolls at this
late date, viz. on October 1st 1942? How-
ever the tax rolls were not closed for the
year and were not closed until the 15th of
October, A. D. 1942."

This opinion will be confined to a discussion only
of the questions asked. We assume that all required legal
steps pertaining to the election had otherwise been taken,
that the tax was properly levied and the property otherwise
validly assessed, and that the only points in which you are
interested are the ones about which you inquire.

Article 2922h, Vernon's Annotated Civil Statutes,
provides for an election for the assumption by a rural high
school district of the outstanding indebtedness of the dis-
tricts which were grouped or annexed to form the rural high
school district. Article 2922h reads, in part, as follows:

"The said election providing for the
assumption of such bonded or other indebted-
ness shall be called and held in accordance
with existing provisions of law relating to
elections for the issuance of bonds by inde-
pendent school districts."

Article 2922L, Revised Civil Statutes, as amended,
provides that the board of trustees of a rural high school
shall have the power to levy and collect a maintenance tax
after an election wherein a majority of the qualified tax-
paying voters authorize the same, "which election shall be
held in accordance with the law now governing such elections

Honorable V. B. Goar, page 3

in independent school district. . . ." See Landrum v. Centennial Rural High School District No. 2, et al (Dismissed Judgment Correct).

Article 2785, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Before an election is held to determine the proposition of the levy of such tax or the issuance of such bonds, a petition therefor, signed by twenty (20) or more, or a majority of those entitled to vote at such election, shall be presented to the County Judge of the county if for a common school district, and to the district trustees if for an independent school district. On presentation of said petition, said officer or officers shall order an election for such purpose, and order the sheriff to post notices thereof in three (3) places in the district for ten (10) days prior thereto, or if for an independent district, the secretary of said board of trustees shall post such notices."

We see that Article 2785 specifies that notices of the election are to be posted for ten days prior thereto. You state that the notices were posted on September 18th and that the election was held on September 28th. We are of the opinion that the statute is satisfied, for that period of time from September 18th to September 27th, both dates inclusive, is ten days.

In any event, it has been held that our statutes regulating the manner of holding elections are merely directory and a departure from the literal terms thereof will not invalidate an election unless such irregularity has changed the result thereof. This rule is applicable to the posting of notices. Hill et al v. Smithville Independent School District, et al, 239 S. W. 987, affirmed, 251 S.W. 209; Lightner et al v. McCord, 151 S.W. (2d) 362; Sykes et al v. Pandora Independent School District, et al (Writ of error refused), 14 S.W. (2d) 124; Williams et al v. Glover et al, 259 S.W. 957; State ex rel, Miller et al v. Troell (Writ of error refused), 207 S.W. 610; Wallis v. Williams, 110 S.W. 785.

Honorable V. B. Goar, page 4

Our answer to your first question is, therefore, in the affirmative.

You state that after the election was held, and we assume that a majority of the votes cast at the election were in favor of both assumption and the tax, the board of trustees, through its secretary, made a request to the tax assessor-collector that the property within the district be taxed at the rate voted on September 28th. This was done on September 30th. At that time the tax assessor-collector had not closed the tax rolls for the year 1942, and he thereupon placed the property upon the same. You wish to know whether because of the late date such property was legally placed upon the rolls.

You have not informed us whether the Johnson City Rural High School district was formed by grouping contiguous school districts, or by annexation of school districts to an independent school district so that such enlarged independent school district continues to operate as an independent school district under the laws governing such districts. See Articles 2922a, 2922b, Vernon's Annotated Civil Statutes; Trinity Independent School District v. District Trustees, District 24, Trinity County, et al (Writ of error refused), 135 S.W. (2d) 1021.

Article 2922L provides that the "tax assessor herein provided for shall make a complete list of all assessments made by him, and when approved by the Board of Trustees shall be submitted to the county tax collector not later than September 1st of each year." It has been held that this part of Article 2922L, "not later than September 1st", is directory and that its nonobservance will not vitiate the official acts involved. McPhail et al v. Tax Collector of Van Zandt County et al. (Writ of error refused), 280 S.W. 260.

In Volume 37 of Texas Jurisprudence, page 1013 (SCHOOLS, Taxation, Section 132), the following is stated:

"In the absence of any law directing when the assessment shall be made, or when the board of equalization shall meet, or when the rolls shall be prepared and approved, these matters are under the control of the local authorities."

And in Volume 40 of Texas Jurisprudence, pages 128-129 (TAXATION, Assessment and Valuation, Section 90), after the statutes dealing with assessment and the compilation of the

tax rolls are summarized, the following paragraph appears:

> "With respect to the times specified in the statute above summarized, it has been held, applying the rule that revenue statutes are but directory in so far as they prescribe a time for doing any act by the officials, that the making of assessments and verification of the roll after the statutory time did not invalidate the assessments."

In answer to your second question, you are advised that, assuming that the proper steps were taken, the property was legally placed on the tax rolls even though it was not placed thereon until October 1st.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By George W. Sparks
Assistant

GWS/S


APPROVED Nov.2, 1942

Gerald C. Mann
Attorney General of Texas

Approved Opinion Committee
By BWB, Chairman