**OAKVILLE INDEPENDENT SCHOOL DIST. et al. v. COUNTY SCHOOL TRUSTEES OF LIVE OAK COUNTY et al.**

No. 11379.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 2, 1944.

Harry J. Schulz, of George West, and M. A. Childers, of San Antonio, for appellants.

R. E. Schneider, Jr., of George West, for appellees.

NORVELL, Justice.

This is an appeal from an order refusing a perpetual injunction. The validity of an election relating to the establishment of a rural high school district in Live Oak County is involved. See Articles 2922a and 2922c, Vernon's Ann.Civ.Stats. Appellants are Oakville Independent School and certain individuals who joined with said district in seeking to enjoin appellees, the County School Trustees of Live Oak County, from establishing a rural high school district to be composed of the

548

George West Independent School District, Oakville Independent School District, and Common School Districts Nos. 3, 4, 10, 11 and 34, all of Live Oak County, Texas. After a trial without a jury, the court declined to issue the injunction prayed for.

Appellant asserts that a certain election held on July 17, 1943, resulting in a vote of 219 for and 10 against the proposal to create the rural high school district, was void, as but one voting place was provided for in said election, and that place was situated in George West, Texas.

The authority to establish rural high school districts is vested in the county school trustees by Article 2922a, supra. The proposed rural high school district here involved contained a greater area than one hundred square miles. Article 2922c provides that a rural high school district may be established embracing an area of more than one hundred square miles, "upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose."

It appears that there is a school house within each of the seven school districts sought to be included within the rural high school district and that elections for county school trustees have been held in which all of these school houses have been used as polling places. It also appears that within the area of the proposed rural high school district there are three places generally used for voting purposes in primary and general elections, one situated in George West, another in Oakville, and a third in Lapara. The county school trustees in ordering the election here involved designated but one polling place, which was situated in George West, Texas.

Appellants rely upon Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770, 771. In that case it was held that an attempted election relating to the formation of a rural high school district, being a special election, was void, as it had been called by the county judge, who had no authority to do so, instead of by the county board of trustees, in whom the authority to call the election was vested by statute. The case also holds that as the statute, Article 2922c, fails to fix the length of time for giving notice of such an election, the law implies that there must be a reasonable time. Twenty-one days was held to be a reasonable time.

Appellants assert that the law implies that a reasonable number of voting places must be provided for in an election held under the provisions of Article 2922c; that a reasonable number of voting places were not so provided and that therefore the election was void. We are unable to agree with this contention. It is apparent that the special election involved in Countz v. Mitchell was a nullity because not called by a lawful authority. The election being void, it was subject to collateral attack in an injunction proceeding. Here the election was called by a lawful authority, and the failure to provide for more than one voting place was at most an irregularity. Canon v. Rasbury, Tex.Civ.App., 21 S.W.2d 76, writ refused. It has been held that an attack upon an election because of irregularities occurring in connection therewith must be directly made by way of an election contest. Hill v. Smithville Independent School District, Tex.Civ.App., 239 S.W. 987, affirmed Tex.Com.App., 251 S.W. 209. See also, Gates v. Hays, Tex.Civ.App., 95 S.W. 2d 1020. In any event, it must be shown that the irregularity complained of affected the result of the election. Hill v. Smithville Independent School District, Tex.Com.App., 251 S.W. 209. The evidence is insufficient as a matter of law to establish this fact. The evidence, on the contrary, demonstrates that the result of the election would have been in favor of the establishment of a rural high school district regardless of the number of voting places established. Had all of the qualified voters residing in the school districts affected, other than the George West District, voted against establishment of the rural high school district, the proposition would have carried. Appellants do not dispute this, but take the position that the election was a nullity. For the reasons stated we overrule this contention and appellants' first point. Sykes v. Pandora Independent School District, Tex.Civ.App., 14 S.W.2d 124, writ refused.

Appellants' remaining points are, in our opinion, fully answered by the case of County Board of School Trustees of Hale County v. Mayfield Common School District No. 22, Tex.Civ.App., 140 S.W. 2d 956, and for that reason further discussion is pretermitted. Rule 452, Texas Rules of Civil Procedure.

No reversible error being shown, the judgment appealed from is affirmed.