

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sidney J. Brown
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. 6591

Dear Sir:

Re: Conflict in the school dis-
trict lines in Fort Bend County.

This will reply to your request for an opinion dated
May 16, 1945, which request provides as follows:

"There has been brought to my attention a con-
flict in the school district lines in Fort Bend
County, wherein it appears that the Katy Independ-
ent School District created by the Legislature along
about 1920 has taken a part of Common School District
#11 created in 1893, with apparently no notification
to this district, as you will note on the enclosed
copy of the Katy school district lines. Although
it mentions district #14 it says nothing of district
#11.

"There could be no justification for taking
this land, because it is plain prairie land and at
present does not have a house upon it. I have
marked on this set of field notes points in the
West boundary of the Katy district wherein the
description is in error with the facts on the
ground. These notes were furnished by the then
County School Superintendent, I was advised, who
was apparently not well versed in description and
evidently did not take the trouble to find out
where the district #11 met the county line.

"Please advise whether the Katy Independent
School District should collect the tax on district
#11, and oblige."

Presumably, Common School District No. 11 was created
by the Commissioners' Court of Fort Bend County, Texas, on Sep-
tember 25, 1893, under the General Laws in effect at that date.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sidney J. Brown, page 2

A certified copy of the minutes of the Commissioners' Court of Fort Bend County, Texas, giving the field notes and acreage of said District was furnished this office; but we deem it unnecessary to quote the entire order in this opinion.

The Katy Independent School District, including parts of Harris, Waller, and Fort Bend Counties, Texas, was created by a special act of the Regular Session of the Thirty-sixth Legislature, the same being Chapter 20, Special Laws of Texas for said session. Said Act contains the field notes and boundaries of said district. We platted the common lines of both districts from the field notes and find one tract included in both field notes.

Under the Constitution of the State of Texas now in force, the Legislature is not authorized to pass special school laws. County school trustees of Orange County, et al v. District Trustees of Prairie View Common School District No. 8, 153 S. W. (2d), 434-438 (Supreme Court).

However, at the time the Katy Independent School District was created by special act, the Legislature had authority to create school districts by special laws. Article 7, Section 3 of the State Constitution contains the following provisions:

" * * * And the Legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation and all such school districts, whether created by general or special law, may embrace parts of two or more counties. * * * "

Said constitutional provision was amended at an election on November 2, 1926. The Beaumont Court of Civil Appeals, in construing the above-quoted constitutional provision in Tilton v. Dayton Independent School District, 2 S. W. (2d), 889-891, writ dismissed, stated:

"It is well settled that the Legislature has the power to create independent school districts, and that it may do so by re-creating or enlarging already existing districts, by including within the re-created or new district territory forming portions or all of common school districts. Const. art. 7, § 3; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260 (writ refused); Geffert v. Yorktown Independent School District (Tex. Civ. App.) 285 S. W. 345, 350; Henderson v. Miller (Tex. Civ. App.) 286 S. W. 501 (writ refused);

Honorable Sidney J. Brown, page 3

Hill v. Smithville Independent School District
(Tex. Com. App.) 251 S. W. 209. . . ."

Considering the Constitution that was in effect at the time the two school districts were created and the authorities construing the applicable constitutional provision, this department is of the opinion that the land in controversy is a part of the Katy Independent School District, and the school tax on said land should be collected by the Katy Independent School District.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By                                       
Bob Long
Assistant

BL/JCP

APPROVED
OPINION
COMMITTEE
BY BWT3
CHAIRMAN