**LONGORIA et al. v. LONGORIA et al.**

No. 12503.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 30, 1952.

Gerald Weatherly, Austin, Sawnie B. Smith, Edinburg, John A. Pope, Jr., Rio Grande City, for appellants.

L. Hamilton Lowe, Austin, Magus F. Smith, McAllen, A. J. Vale, Randall Nye, Jr., Rio Grande City, for appellees.

PER CURIAM.

This is an appeal from a judgment of the District Court of Starr County declaring the General Democratic Primary Election held on July 26, 1952, void as to five certain precinct offices of Starr County, Texas, to wit:

Precinct 3: County Commissioner, Justice of the Peace, Constable.

Precinct 6: Justice of the Peace, Constable.

The canvass by the Democratic County Executive Committee declared the result of the primary election to be as follows:

For County Commissioner of Precinct No. 3:

Contestee-appellee J. M. Longoria: 461;

Contestant-appellant Armando Longoria: 373;

Majority: 88.

For Justice of the Peace of Precinct No. 3:

Contestee-appellee Leonel Solis, Sr.: 450;

Contestant-appellant Moises Gutierrez: 373;

Majority: 77.

For Constable of Precinct No. 3:

Contestee-appellee Santos Ozuna: 456;

Contestant-appellant Alfredo Rodriguez, Jr.: 369;

Majority: 87.

For Justice of the Peace of Precinct No. 6:

Contestee-appellee Isidro Guerra: 88;

Contestant-appellant Florencio Guerra: 87;

Majority: 1.

For Constable of Precinct No. 6:

Contestee-appellee Serafin Guerra: 90;

Contestant-appellant Jose Villarreal: 89;

Majority: 1.

Armando Longoria, Moises Gutierrez, Alfredo Rodriguez, Jr., Florencio Guerra, and Jose Villarreal, who were contestants below, have prosecuted this appeal.

Originally a number of county offices were involved in this election contest, but the trial court upheld the nomination of all county offices as declared by the Democratic County Executive Committee and no appeal was taken from that judgment, thus we have here only the contests of the above mentioned precinct offices.

The Special Canvassing Board of Starr County, which met on primary election day for the purpose of canvassing absentee votes, found that all absentee ballots that had been cast in person at the County Clerk's office had been placed in a ballot box after the perforated stubs had been detached and placed in a stub box. The members of the canvassing board evidently decided they were entitled to examine these stubs, so they had the stub box broken open and took out the stubs. They also took out the ballots and compared the stubs with the ballots in the ballot box.

From among these absentee ballots voted in person at the County Clerk's office the canvassing board made rejections as follows:

In the Race for County Commissioner for Precinct No. 3:

For Armando Longoria, Contestant, 52 ballots;

For J. M. Longoria, Contestee, 2 ballots.

In the Race for Justice of the Peace for Precinct No. 3:

For Moises Gutierrez, Contestant, 52 ballots;

For Leonel Solis, Sr., Contestee, 2 ballots.

In the Race for Constable for Justice Precinct No. 3:

For Alfredo Rodriguez, Jr., Contestant, 51 ballots;

For Santos Ozuna, Contestee, 3 ballots.

For Nomination for Constable of Justice Precinct No. 6:

For Jose Villarreal, Contestant, 2 ballots;

For Serafin Guerra, Contestee, No ballots.

For Nomination for Justice of the Peace of Justice Precinct No. 6:

For Florencio Guerra, Contestant, 2 ballots;

For Isidro Guerra, Contestee, No ballots.

The canvassing board also made rejections among the absentee ballots voted by mail as follows:

For Nomination for County Commissioner of Precinct No. 3:

For Armando Longoria, Contestant, 65 ballots;

For J. M. Longoria, Contestee, 1 ballot.

For Nomination for Justice of the Peace of Justice Precinct No. 3:

For Moises Gutierrez, Contestant, 65 ballots;

For Leonel Solis, Sr., Contestee, 1 ballot.

For Nomination for Constable of Justice Precinct No. 3:

For Alfredo Rodriguez, Jr., Contestant, 65 ballots;

For Santos Ozuna, Contestee, 1 ballot.

For Nomination for Justice of the Peace of Justice Precinct No. 6:

For Florencio Guerra, Contestant, 1 ballot;

For Isidro Guerra, Contestee, No ballot.

For Nomination for Constable of Justice Precinct No. 6:

For Jose Villarreal, Contestant, 1 ballot;

For Serafin Guerra, Contestee, No ballot.

The trial judge found that all of these rejected absentee ballots were valid and should have been counted, but further held that they had been voided by the unlawful action of the canvassing board in breaking open the stub box and removing the stubs therefrom. There is no intimation that appellants were in any way responsible for this misconduct on the part of the canvassing board. The trial judge further found that if these rejected ballots had been counted appellants would have been nominated.

 There can be no question but that the stub box should never have been broken open. Art. 5.06, Vernon's Ann.Civ. Stats., Election Code, art. 38, Election Code, provides for the removing of the stubs and the placing of them in the stub box when an absentee voter votes at the county clerk's office, but it does not provide that his vote shall not be counted in the event the stub box is broken open or such stub box is otherwise tampered with by any unauthorized person. The misconduct of the canvassing board, whether done in good faith or not, furnishes no reason for defeating the will of these voters who had clearly expressed who they wished to vote for by casting their absentee ballots.

Said art. 5.06 provides that in voting absentee at the county clerk's office the same procedure shall be used as voting at any regular voting place where voting machines are not used. This procedure is set forth in art. 8.15, Vernon's Ann.Civ. Stats., Election Code, art. 97, election code, but there is nothing contained therein that could be construed as meaning that in the event a stub box was broken open the ballots should not be counted. Where it is possible to ascertain the will of the voter, his ballot should not be voided by the improper action or misconduct of an election officer or any other person over whom he has no control, unless it is so provided in the election code. Davis v. Walcott, Tex. Civ.App., 96 S.W.2d 817. See also, Sanchez v. Bravo, Tex.Civ.App., 251 S.W.2d 935; Fugate v. Johnston, Tex.Civ.App., 251 S.W.2d 792.

The trial judge should not have declared the election void as to appellants, but should have declared them to have been nominated to the respective offices to which they were seeking nomination.

The judgment of the trial court will be reversed and judgment here rendered declaring each of appellants nominated to the respective office which he seeks and declaring the certificates of nomination issued to each of contestees void and ordering the County Clerk of Starr County, Texas, to so certify each appellant as the Democratic Nominee of the respective office which he seeks. The certificates of nomination issued to each of appellees, purportedly as a result of the Democratic Primary Election held in Starr County on July 26, 1952, are wholly void and are cancelled. The costs of the proceedings below shall be paid, as decreed by the trial court, by appellees, and all costs of this Court shall be paid by appellees with the exception that they will be required to pay only one-third of the cost of the Statement of Facts, as much of the testimony included relates to the contest of some ten other County and Precinct offices which are not involved in this appeal.

The Clerk of this Court is directed to certify this judgment of the County Clerk of Starr County, Texas, for his observance.

Appellees will be allowed three days within which to file a motion for a rehearing.