Ivy L. STAFFORD et al., Appellants,

v.

Mrs. Helen Engelman STEGLE et al.,
Appellees.

No. 12763.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 8, 1954.

Rehearing Denied Oct. 6, 1954.

Smith & McIlheran and Gordon D. Jackson, Weslaco, for appellants.

Sawnie B. Smith, Edinburg, for appellee.

**W. O. MURRAY, Chief Justice.**

This is a contest of an election held for the purpose of electing five directors of the Hidalgo County Water Improvement District No. 6. The canvass of the election showed that A. L. Cramer received 42 votes and that Clarence Johnstone, Helen Engelman Steglé, Steve Hood and Don E. Atkinson, each received thirty-two votes, and further that Ivy L. Stafford, A. H. Barth, I. M. Kelly and Jim Bingham, each received ten votes. The first five persons above named were declared the winners. Stafford, Barth, Kelly and Bingham are the contestants, and Johnstone, Steglé, Hood and Atkinson are the contestees.

The trial court found in favor of contestees and contestants have appealed.

The purpose of the contest is to have the entire election declared void by reason of certain irregularities in the manner in which the election was conducted. There are no allegations of fraud and misconduct.

The contestants contended that the court erred in the following eight particulars:

A. In declining to rule said election void, and instead, declaring it valid in spite of the denial of a secret ballot as required by Article 6, Section 4, of the Vernon's Ann.St. Constitution of Texas.

B. In declining to rule the election void and instead, declaring it valid, in spite of the violation of Article 8.15 and Article 8.32, Vernon's Ann.Tex.Stats., Election Code.

C. In declining to declare the election void and instead, declaring it valid, in spite of the violation of Article 3.03, Vernon's Ann.Tex.Stats., Election Code.

D. In ruling compliance with Article 6, Section 4, of the Texas Constitution optional, rather than mandatory.

E. In ruling compliance with Article 8.15, Vernon's Ann.Tex.Stats., Election Code, optional, rather than mandatory.

F. In ruling compliance with Article 8.32, Vernon's Ann.Tex.Stats., Election Code, optional, rather than mandatory.

G. In ruling compliance with Article 3.03, Vernon's Ann.Tex.Stats., Election Code, optional, rather than mandatory.

H. In ruling that the fact that a deciding number of the voters were employees of one candidate, did not render failure to provide secrecy of the ballot a violation of mandatory provisions.

■ Appellants' first complaint is that the voters were not given the right to cast a secret ballot because the stub box was not sealed by the district clerk in the manner provided by Article 8.15 of Vernon's Election Code. Appellants further attempted to complain that the stub box was not returned to the district clerk within thirty-six hours, as is provided by Article 8.32 of said Election Code, but as this matter was not plead, we must disregard the contention.

■ The evidence shows that the election judges, before the polls were opened, unlocked the stub box, examined it and found it empty, then re-locked it and placed it in place for the voters to drop the stubs in. This, of course, does not meet the requirements of Article 8.15, supra, but the failure on the part of the district clerk to seal the stub box is not sufficient in itself, in the absence of fraud and misconduct, to justify vitiating the entire election. In Lightner v. McCord, County Attorney, Tex.Civ.App., 151 S.W.2d 362, 366, the Court said:

"It has long been the established rule in this state that statutes regulating the manner of holding elections are merely directory and that a departure from their provisions will not invalidate an election unless such departure or irregularity has affected or changed the result of the election. While appellants exhibit an imposing list of irregularities in the manner in which the election officials conducted these elections, it is not shown nor

even contended by appellants that any of them had the effect of falsifying the result of either of the two elections that were held. It has many times been said by our courts that the objects of every popular election is to ascertain the will of the qualified electors in the area to be affected thereby upon the issue or issues submitted to them. Mere informalities that afford no just grounds for the conclusion that the will of the qualified electors has been in any manner thwarted, diverted or suppressed will not be considered of sufficient importance to render an election void. Especially does the rule apply in cases such as this where the record clearly shows that the will of a substantial majority of the electors in the district is reflected by the ultimate declarations of results and orders entered by the authorities charged with the duty of entering them. There is, therefore, no merit in these contentions of appellants and their assignments of error in respect thereto will be overruled. Hill v. Smithville Independent School Dist., Tex.Com.App., 251 S.W. 209; Williams v. Glover, Tex.Civ.App., 259 S. W. 957; Orth v. Benavides, Tex.Civ. App., 125 S.W.2d 1081; Roper v. Scurlock, 29 Tex.Civ.App. 464, 69 S. W. 456]; Sykes v. Pandora Independent School Dist., Tex.Civ.App., 14 S. W.2d 124; Mecaskey v. Ratliff, Tex. Civ.App., 159 S.W. 115. An examination of the opinion of the courts in the cited cases will reveal that many of the identical questions raised by appellants in this case have been settled adversely to their contentions and none of the acts or irregularities complained of by them differs in principle from those specifically involved in the cases above cited."

Other cases to the same effect are Sanchez v. Bravo, Tex.Civ.App., 251 S.W.2d 935; Longoria v. Longoria, Tex.Civ.App., 251 S.W.2d 939; Hill v. Smithville Independent School District, Tex.Com.App., 251 S.W. 209.

Appellants next complain because one of the election judges was in the employment of one of the candidates, and that other election officials were employed by a corporation in which the same candidate owned a majority of the stock, and that all of this was in violation of Article 3.03, Vernon's Ann.Stats. (Election Code). The election officials who were employed by a corporation in which one of the candidates owned a majority of the stock were not prohibited from serving under the provisions of Article 3.03, supra, because such fact does not make them employees of the candidate. As to the other election official who was in fact an employee of one of the candidates, it appears that no complaint was made by any one prior to the holding of the election, and that all of the voters acquiesced in the matter by appearing and voting without in any way challenging the rights of officials to serve. While it is unlawful for an employee of a candidate to serve on the election board, the fact that such employee does serve and no complaint is made at all until after the holding of the election, and there is no election fraud or misconduct and nothing to show that the election was not fairly held, such violation of Article 3.03 is insufficient to vitiate the entire election. Gayle v. Alexander, Tex. Civ.App., 75 S.W.2d 706. While those charged with conducting elections should use every precaution possible to see that elections are conducted strictly in accordance with the provisions of the Election Code, nevertheless, after an election has been held and it appears that it has been fairly conducted and the result correctly declared, and there were no charges of fraud, misconduct or illegality, the entire election will not be set aside for irregularities in the manner of conducting the election, unless the statutes governing such matters state that the election must be vitiated. It appears here that the result would have been exactly the same even if the irregularities complained of by appellants had not occurred. There was no evidence which indicates anything to the contrary. It would indeed seem to be a

useless thing to set an entire election aside because of irregularities, where there is nothing to indicate that the result would be any different if a new election was ordered and held with no irregularities occurring.

The judgment of the trial court is affirmed.