

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 18, 1974

The Honorable William K. Wilder
County Attorney
Jackson County
115 West Main
Edna, Texas 77957

Opinion No. H- 425

Re: The authority of Com-
missioners Court to order
referendum to determine
extent of public sentiment
for a dam project.

Dear Mr. Wilder:

In 1967 the voters of Jackson County voted in favor of a bond issue in support of the Palmetto Bend Dam Project. Although construction is scheduled to start soon, no bonds have been issued and we assume that no other detriment has been incurred as a result of the election.

In your letter you state that the proposed project has caused quite a controversy in Jackson County and that there is a feeling that public opinion has changed significantly since 1967. A delegation to Washington was assured by the Chairman of the Subcommittee on Public Works of the House Appropriations Committee that, if a county-wide referendum revealed that public support no longer existed, steps could be initiated to stop funding of the project.

Based on these facts you have asked us five questions:

1. Can the Commissioners' Court authorize a referendum to be held on the question of whether the people of Jackson county now favor or oppose the Project? The intent of the Citizens Group is not to negate the results of the Bond Election of 1967, but merely to determine public sentiment.

p. 1972

2. What is the procedure for the Commissioners'
Court to follow in deciding whether to have the
referendum?

3. Does any part of the Texas Election Code
govern the holding of such a referendum?

4. Can county funds be used to hold the referendum?

5. If funding would have a bearing on the Commis-
sioners'decision to hold the referendum, then may private
donations be used to fund the referendum in whole or in
part?

We believe your questions are answered by reference to two well
established principles of law:

First, the authority of a commissioners court is narrowly limited
to those powers conferred upon it by the Constitution and statutes of the
State, Canales v. Laughlin, 214 S. W. 2d 451 (Tex. 1948); Attorney General
Opinions H-16 (1973), H-45 (1973), H-51 (1973), H-374 (1974), H-392 (1974).

Second, elections may be held only by virtue of some legal authority
and an election held without affirmative statutory authority or contrary to
a material provision of the law is universally held to be a nullity. Smith v.
Morton Independent School District,  85 S. W. 2d 853 (Tex. Civ. App. --Amarillo
1935, writ dism.); Williams v. Glover, 259 S. W. 957 (Tex. Civ. App. --Waco
1924, no writ).

We have searched the Texas statutes and find none which would
authorize the calling of an election such as the one you suggest.

Article 717g, V. T. C. S., which authorizes the calling of elections to
revoke or cancel authority to issue bonds is inapplicable as you state in your
first question.  The bonds in question here are those of the Lavaca-Navidad
River Authority, not of Jackson County.  Therefore, we are of the opinion
that the Commissioners Court of Jackson County lacks legal authority to

call for a referendum on the question of whether the people of the county now favor or oppose the Project. We answer your first question in the negative.

As to your second and third questions, there is no procedure to be followed by the Commissioners Court. No provision in the Texas Election Code governs.

With reference to your fourth and fifth questions, we answer that, in our opinion, county funds may not be used to hold the proposed referendum. If private funds can be found to finance the referendum in whole, it is our opinion that any group of persons may call for it and hold it as an unofficial act. But even with donated funds, the Commissioners Court has no authority to call for the referendum officially.

## SUMMARY

In the absence of express constitutional or statutory authority, a commissioners court may not call for a referendum to test the public's reaction to a proposed dam project. Public funds cannot be used for such a referendum although an unofficial referendum may be held if financed entirely by private donations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

p. 1974