### JACK LOCKHART v. THE STATE.

#### *No. 33. Decided May 13.*

**1. Bail Bond—Description of Offense.**—A bail bond which recited the offense to be " theft of thirty-three sheep," sets forth an offense against the laws of this State, and sufficiently designates the offense.

**2. Special Judge—Signing Minutes.**—Where a special judge who presided at the time the forfeiture was taken failed to sign the judgment nisi, but did so at a subsequent term of court, *held.* that this action on his part was authorized under provisions of article 572, Code of Criminal Procedure.

APPEAL from the District Court of McCulloch. Tried below before Hon. W. J. WINGATE.

This appeal is from a judgment final on a forfeited bail bond.

J. H. Lockhart executed a bail bond, with H. J. Thornton and Jobe Davis as sureties, in the sum of $750, for his appearance at the District Court to answer an indictment charging him with the theft of 33 head of sheep. At the term of court to which he had obligated himself to appear, the district judge, Hon. J. W. Timmons, being absent, M. Fulton, Esq., was elected special judge, to hold said term of court; and when the case of Lockhart, for theft of sheep, was called for trial, defendant failing to appear, his bail bond was duly and regularly forfeited, and judgment nisi thereon entered, with scire facias ordered to be issued to the sureties. It

seems that the special judge never signed the judgment nisi at the term at which it was rendered, but did so subsequently, without notice to the parties. In answer to the writ of scire facias, the sureties pleaded, that the judgment nisi was void, because it had not been signed by the special judge at the term at which it was entered. They also pleaded, that the judgment nisi was invalid, because the bail bond failed to set forth and describe an offense against the laws of the State. At the trial, the judgment nisi was made final, and from that judgment this appeal is prosecuted.

*C. H. Willingham*, *F. M. Newman*, and *R. B. Truly*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—1. This appeal is prosecuted from a judgment final on a forfeited bail bond. Motion to quash the bond was made upon the ground that it did not name any offense against the penal laws of this State. The bond recited the offense to be " theft of 33 sheep." This point is not well taken. The offense, as set forth in the bond, is an offense against the laws of this State, and is sufficiently designated in the bond. Vivian v. The State, 16 Texas Cr. App., 262; Brown v. The State, 28 Texas Cr. App., 65.

2. The special judge who presided over the court at the time the forfeiture occurred failed to sign the judgment nisi during said term, but did so at a subsequent term, and without notice to the parties. The contention is, that this omission on the part of the judge rendered the judgment nisi invalid and void. We can not concur in this proposition. A special judge who tries a case occupies the same position, and has "all the power and authority of the district judge that may be necessary to enable him to conduct, try, determine, and finally dispose of such case." Code Crim. Proc., art. 572; Willson's Crim. Stats., secs. 2193, 2194. That the minutes of the court were not signed by the judge does not render the judgment of that court invalid or void is, as we understand it, well settled in this State. This being true, the subsequent act of the trial judge signing and approving such minutes can not operate to invalidate the judgments theretofore legal. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.