**POWELL v. BOND, Co. Atty., et al.**

No. 2413.

Court of Civil Appeals of Texas. Waco.

April 17, 1941.

338

Geppert, Geppert & Victery, of Teague, for appellant.

Williford & Williford, of Fairfield, for appellees.

TIREY, Justice.

Appellant brought this suit to contest a local option election held in Freestone county to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said county, under the provisions of Article 666—40, section (a), as amended, Penal Code, Vernon's Annotated Criminal Statutes, said contest having been filed under the provisions of Article 666—40a, as amended, Penal Code, Vernon's Annotated Criminal Statutes. The trial court found in his judgment that there was no irregularity in the petition and order of election, nor in the publishing of the notices, nor in the holding, canvassing and declaring the result of said election, and denied all relief to contestant, and decreed that pending such contest the enforcement of the local option law in Freestone county should not be suspended. Contestant has appealed.

At the request of the contestant, the trial court prepared and filed findings of fact and conclusions of law. These findings of fact and conclusions of law were not assailed by contestant in the court below. The contestee seasonably filed motion to strike the findings of fact and conclusions of law and requested supplemental, corrected, and additional findings of fact and conclusions of law, and thereafter the court prepared and filed what he designated "Supplemental, Additional and Corrected Findings of Fact," but refused to file additional conclusions of law. These findings are not assailed by the contestant.

Assignment of error No. 1 is: "The court erred in not declaring said election void on the ground that the notice of election was not a copy of the order of election, as provided by Art. 666—34, Penal Code." The order of election is:

"On this the 9th day of December, 1940, the Commissioners of Freestone County, Texas, convened in regular session, at the regular meeting place thereof, in the courthouse at Fairfield, Texas, a quorum being present, there came on to be considered the petition of James Morgan and 604 other persons, praying that an election be held in Freestone County, Texas, to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said Freestone County, Texas.

"It appearing to the court that said petition is signed by as many as ten per cent of the qualified voters based on the vote for Governor at the last preceding general election in said Freestone County, Texas:

"It is therefore considered and ordered by the court that an election be held at each of the voting places within said Freestone County, Texas, on the 21st day of December, 1940, which is not less than ten (10) nor more than twenty (20) days from the date of this order, to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said Freestone County, Texas.

"All persons who are qualified voters of this State and of this Freestone County shall be entitled to vote at said election.

(5) "Those who favor the prohibition of beer containing alcohol not exceeding four (4%) per centum by weight shall erase the words 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same.

"Those who oppose it shall erase the words, 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same.

"The provisions of the general election laws shall be followed in calling and conducting this election where not inconsistent with this law, and it shall be conducted by the election officers appointed and qualified under such laws, and said election officers shall make a due report within three (3) days of said election to this court.

"Notice of said election shall be given by the Clerk of this court by posting or causing to be posted at least one copy of this order in each election precinct in Freestone County, Texas, for at least six (6) days prior to the day of election."

This order was duly signed by the County Judge of Freestone County and attested by the County Clerk and recorded in the Minutes of the Commissioners' Court.

The first paragraph of the notice of election is: "To the qualified voters of Freestone County, Texas: Take notice that an election will be held on the 21st day of December, 1940, within Freestone County, Texas, to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said Freestone County, Texas, in obedience to an order entered by the Commissioners' Court on the 9th day of December, 1940, which order is as follows: * * *." Said notice then copied verbatim all of the above order, save and except one paragraph which we have numbered for our convenience as "(5)." Paragraph (5), instead of being copied verbatim as in the order of election, reads as follows: "Those who favor prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall erase the words 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same. Those who oppose it shall erase the words 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same." The only changes in paragraph (5) of the order of election are that in the first line thereof the word "prohibiting" is substituted for the word "prohibition" and the words "the sale" are added. This does not change the meaning of said paragraph, but, on the contrary, clarifies the meaning already apparent. When the order of election is carefully checked with the notice of election, it shows that said order is substantially quoted in the notice of election. It would require a highly strained construction to hold that the notice of election was not a copy of the order of election and a substantial compliance with Article 666—34, Vernon's Annotated Penal Code. This assignment is overruled.

The second assignment is: "The court erred in not declaring such election void, on the ground that in the order of election, the voters were directed to mark their ballot in a certain way, if they were in favor of the 'Prohibition of Beer,' and to mark same the opposite if they were against the 'Prohibition of Beer,' when same should have read 'For prohibiting the sale of beer' and 'Against prohibiting the sale of beer.'" We overrule this assignment. The order of the Commissioners' Court ordering the election, in part, expressly provides that "an election be held at each of the voting places within said Freestone County, Texas, on the 21st day of December, 1940, * * * to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said Freestone County, Texas." The first paragraph in the notice of election provides: "To the qualified voters of Freestone County, Texas: Take notice that an election will be held on the 21st day of December, 1940, within Freestone County, Texas, to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall be prohibited in said Freestone County, Texas, in obedience to an order entered by the Commissioners' Court on the 9th day of December, 1940, which order is as follows: (and then the order is quoted as stated above)." Said notice further provides: "Those who favor prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight shall erase the words 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same. Those who oppose it shall erase the words, 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' by making a pencil mark through same." When the order of election entered by the Commissioners' Court is considered in its entirety, there is no question that it definitely and expressly instructed the voter how to mark his ballot if he desired to vote for prohibiting the sale of beer, and likewise instructed him how to mark his ballot in the event he desired to vote against prohibiting the sale of beer. It was certainly true of the notice. The variance shown in the order of election and the notice is, in our opinion, trivial, and could not have misled the voters. In fact, contestant does not claim that it did so. We think the order of election and the notice thereof substantially complied with the provisions of the statute (Art. 666—35, Vernon's Annotated Penal Code) controlling same. Roper v. Scurlock, 29 Tex.Civ.App. 464, 69 S.W. 456, error dismissed 193 U.S. 675, 24 S.Ct. 852, 48 L.Ed. 842; Williams v. Glover, Tex.Civ. App., 259 S.W. 957.

■ The judgment is next assailed on the ground that "the court erred in not declaring such election void, on the ground that the order of the election, does not show, and the evidence introduced upon the trial of this cause, does not disclose that the Commissioners present ever voted upon the motion, and second, that an election be ordered." The trial court, in his original findings of fact, among other things, found: "The Commissioners' Court of Freestone County, Texas, having considered and examined said petition (which petition was for such election), and the signatures thereto, thereupon a motion was made by R. G. Bounds, Commissioner of Precinct No. 4, and seconded by T. E. Martin, Commissioner of Precinct No. 2, that a local option election be ordered for December 21, 1940, in Freestone County, Texas, to determine whether or not the sale of beer containing alcohol not exceeding four (4%) per centum by weight, shall be prohibited in said Freestone County, Texas, * * * ." The court, in his supplemental findings of fact, among other things, found: "5. The court further finds that all the evidence as to whether or not the order of election was voted upon by the Commissioners' Court is contained in the order itself and no other evidence was introduced as to whether the same was or was not voted upon by said court. 6. The court further finds as a fact that at the meeting of the Commissioners' Court in and for Freestone County, Texas, held on the 9th day of December, 1940, the following Commissioners were present and participated in said meeting: T. E. Martin, J. S. Ivy, Sr., R. G. Bounds, and J. S. Coburn; and that A. H. Benbrook, County Judge of Freestone County, Texas, was present and participated in said meeting." The trial court in his judgment specifically found that the Commissioners' Court duly ordered the election; and the record shows without dispute that the order of election was duly signed by the County Judge and attested by the County Clerk of Freestone County, and recorded in the Minutes of the Commissioners' Court. The order of the Commissioners' Court ordering said election specifically found that said petition presented to it "is signed by as many as 10% of the qualified voters based on the vote for Governor at the last preceding general election in said Freestone County, Texas;" and, under the provisions of Article 666—32, as amended, and Article 666—40, as amended, Vernon's Annotated Penal Code, it was mandatory upon the Commissioners' Court to order the election upon the petition of the qualified voters presented to it. Under the local option laws previously in force and effect, it was uniformly held that "it is the petition that confers upon the Commissioners' Court the jurisdiction to order the election." Prather v. State, 12 Tex.App. 401, point page 404. That rule still applies. Crawford v. Maples, 134 Tex.Cr.R. 339, 114 S.W.2d 696, points 3-4, page 698. The petition for the election was introduced in evidence and it was not assailed. The order of election finds that the facts existed to make the action of the court mandatory, and the order shows that the Commissioners' Court took such action and ordered the election. The Court of Criminal Appeals, in considering the sufficiency of the orders of the Commissioners' Court relating to local option elections under the old law, announced this general rule, which we think is applicable here: " * * * except as to the jurisdictional facts with regard to the petition * * *, it will be held sufficient prima facie to establish every fact recited by it. Every presumption not contradicted by the orders themselves will be indulged in favor of the regularity and legality of the proceedings incident to the holding of the election * * *. These orders are evidence within and of themselves, and it is not necessary for the prosecution to go behind them to prove any of the facts they recite, except as to the petition." Stallworth v. State, 18 Tex.App. 378. "The commissioners' court is a court of record and speaks through its minutes." Colonial Trust Co. v. Hill County, Tex.Com.App., 27 S.W.2d 144, point 7, page 149. "Every court of this state, shall have respect for the judgment of the accredited authorities." Ex parte McGuire, 57 Tex.Cr.R. 38, 123 S.W. 425, point page 427. Contestant failed to carry his burden, and the third assignment is overruled.

■■ Contestant's last assignment is: "The court erred in not declaring such election void and ordering another election, on the ground that over 500 voters were illegally assisted in the marking of their ballots, and as these voters were unknown, and no record kept, the court was unable to locate these ballots and not count their ballots, such irregularities in the holding of such election, as to render the true

result of the election impossible to be arrived at, or very doubtful of ascertaining, as provided in Article 666—40a, Penal Code." The trial court, in his corrected findings of fact, found, in part, as follows: "That no assistance was given except upon request made by the voter of an election judge at the box where this voter cast his ballot, and this was only to tell the voter how to mark his ballot if he wanted to vote a 'dry' ticket or a 'wet' ticket; that the election judge, in answering a request of each voter, told each voter how to mark said ballot to vote a 'dry' ticket and how to mark such ballot to vote a 'wet' ticket, and did not tell each of said voters how to vote one way or the other, but told each voter how to vote both ways. That this was the only assistance given said voters in said boxes except in 40 or 50 instances where voters were furnished a second ballot; that the ballots cast in said voting boxes heretofore enumerated amounted to approximately 2050 ballots; that out of said 2050 ballots approximately 20% of those voting in said voting boxes requested of the various election judges information on how to vote a 'wet' ticket and a 'dry' ticket, and when this request was made of an election judge, he told said voter how to mark said ballot to vote a 'wet' ticket and how to mark said ballot to vote a 'dry' ticket, instructing him in both ways in each instance." The trial court, in his original findings, found that "such voters were entitled to receive assistance, and all of the votes so cast by those who received such assistance were legal votes." Was the assistance so rendered (excluding the 50 voters given a second ballot) illegal? We think not. Article 666—35, as amended, Penal Code, Vernon's Annotated Criminal Statutes, in part, provides: "(a) At said election the vote shall be by official ballot which shall have printed or written at the top thereof in plain letters the words 'Official Ballot.' * * * and no voter shall be permitted to depart with such ballot and shall not be assisted in voting by any person except such presiding officer or by some officer assisting in the holding of such election, under the direction of such presiding officer when requested to do so by such voter. (b) Those who favor the sale of liquor shall erase the words 'Against the sale of liquor,' by making a pencil mark through the same, and those who oppose it shall erase the words 'For the sale of liquor,' by making a pencil mark through same. * * *"

The next Article of the Penal Code, to-wit, Article 666—36, provides: "The officers holding such election shall, in all respects not herein specified, conform to the General Election Laws in force regulating elections * * *. The provisions of the General Election Laws shall be followed in calling and conducting said election where not inconsistent herewith." Appellant insists that since Article 666—36, supra, provides that the provisions of the General Election Laws apply to local option elections where not inconsistent with the Liquor Control Act, the aid or assistance rendered to the voters, as found in the trial court's amended findings of facts, contravenes the provisions of Article 3010, Vernon's Annotated Civil Statutes (General Election Laws). We cannot agree with this contention. In the first place, Article 666—35, supra, prescribes the form for the official ballot in local option elections, and also provides that the presiding officer or some officer assisting in the holding of such election can, when requested by the voter, render assistance to such voter. Said Article then prescribes how the official ballot shall be marked by such voter. Article 666—40, Penal Code, supra, prescribes the language to be used in the ballot submitting the issue; and the official ballot in question is in strict compliance therewith. The record shows that the aid or assistance rendered to the voter was in fact only information as to how to mark his ballot in the event he favored legalizing the sale of beer, and likewise giving him the information as to how to mark his ballot if he desired to vote against legalizing the sale of beer. No other aid or assistance was given. Fraud was not claimed. Surely the voter is entitled to make inquiry as to how to mark his ballot in order that he may cast his vote according to his convictions. "Electors must not be deprived of their votes on account of any technical objection to the manner in which the election has been held, or for any misconduct on the part of its presiding officers, if these have not affected the true result of the election. * * * This would be to deprive the citizen of a great constitutional privilege for a mere informality,—to place it within the power of a few persons to defeat the right of suffrage altogether. The very means provided to insure a fair and proper election might become an instrument of fraud and dishonesty. * * * But when it is shown that the irregularities of the officers have in no manner changed the

result of the election, or its fair and honest character, the acknowledged rule is to count the returns or the ballots, as the case may demand, in the same way as if the directory provisions of the statute had been rigidly pursued." Fowler v. State, 68 Tex. 30, 3 S.W. 255, point page 257; Bass v. Lawrence, Tex.Civ.App. 300 S.W. 207, point page 210. It follows that this assignment is overruled.

■■ Appellant also assails the action of the trial court in refusing to declare the election void, because the court, in his original findings, among other things, found "that 40 or 50 voters who presented themselves at the polls at the Fairfield box marked their ballots 'Against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight,' and that the election judge, upon discovering how the ballots were marked, asked the 40 or 50 voters how they intended to vote, and the voters and each of them stated they intended to vote 'dry' and that the election judge then gave each of them another ballot and the 40 or 50 voters then marked the new ballots 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight;' that the first ballots were not deposited in the ballot box but the latter ballots were deposited as the votes of the 40 or 50 voters and were counted as votes 'For prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight.'" The trial court found that 1,598 legal votes were cast "for prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight," and 1,493 votes were cast "against prohibiting the sale of beer containing alcohol not exceeding four (4%) per centum by weight." It therefore clearly appears that this irregularity is insufficient to change the result of the election and the question of the legality or illegality of said 50 votes becomes immaterial. We think the rule is that "when a ballot has once been deposited in the box, the legal status of that voter becomes permanently fixed, and cannot be changed." Roach v. Malotte, 23 Tex.Civ. App. 400, 56 S.W. 701, point page 703; McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278, point page 284, error dismissed.

The court, in the decree entered, found "that said election so held on December 21, 1940, was legal and valid in all respects, and that there was no action or want of action on the part of the officers to whom was entrusted the control of such election as such a number of legal voters were denied the privilege of voting, as had they been allowed to vote, might have materially changed the result, and that no irregularity existed in bringing about said election nor in the holding of same as to render the true result of the election impossible to be arrived at, or in any manner doubtful of ascertaining * * *." The court had the authority, under Article 666—40a, Penal Code, supra, to make such finding if, in his judgment, the evidence so warranted. After a careful consideration of the record, we think the evidence is ample to sustain this finding; none of the matters complained of by contestant affect the result of the election; and, under the plain provisions of the above statute, the action of the trial court, in refusing to declare the election void, should be sustained. See McCormick v. Jester, supra, 115 S.W. pages 288, 289; Roper v. Scurlock, supra, 69 S.W. page 459. Contestant failed to show that the election was void. Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287, 291.

The judgment of the trial court is affirmed.