# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS
ATTORNEY GENERAL


June 26, 1962    *Overrules 0-2577 in part*

Honorable James T. Flynt
County Attorney
Wood County Courthouse
Quitman, Texas

Dear Mr. Flynt:

Opinion No. WW-1356

Re: Local option election
under Art. 666-32, P.C.;
questions pertaining to
the petition.

You have asked the following questions pertaining to a local option election:

"1.  If affidavits in connection with signing of petitions in wet-dry elections are not submitted with the petition, is such requirement mandatory or directory upon the Commissioners' Court?

"2.  Is Article 666, Sec. 32, which states that this article in regards to liquor elections shall apply except where in conflict with the Texas Election Code, than in conflict with the Texas Election Code which does not require exemption certificates or affidavits to vote, and this affidavits are not mandatory upon exempt petitioners in a liquor election.

"3.  Can the Commissioners' Court call a liquor election at their discretion upon petitioned in proper form except for attached affidavits of exempt voters?

"4.  Does the Commissioners' Court have authority to determine by any means at their disposal to determine what number of voters will be required to make up the 25 per cent as stated in Article 666, Section 32, where the election is called in an incorporated city and the voting precincts of said city encompass an area including said city and surrounding territory?

"5.  Once a petition for a wet-dry election has been filed with the County Clerk, can said petition be withdrawn from the county clerk's office for the purpose of attaching affidavits of exempt voters and/or the submission of additional names on said

petition if such is prior to the return date on the face of said petition?

"6. Once the County Clerk has certified the petition and that same is sufficient, is such certification binding upon the Commissioner's Court even though the requirements of Art. 666, Sec. 32, requiring affidavits hasn't been met?

"7. Once the Commissioners Court orders an election as per Art. 666, Sec. 33, can said order be set aside?"

Article 666-32, Penal Code, reads as follows:

"The Commissioners Court of each county in the State, upon proper petition, shall order an election wherein the qualified voters of such county, or of any justice's precinct or incorporated city or town therein, may by the exercise of local option determine whether or not the sale of alcoholic beverages of one (1) or more of the various types and alcoholic content shall be prohibited or legalized within the prescribed limits of such county, justice's precinct or incorporated city or town.

"Upon the written application of any ten (10) or more qualified voters of any county, justice's precinct, or incorporated city or town, the County Clerk of such county shall issue to the applicants a petition to be circulated among the qualified voters thereof for the signatures of those qualified voters in such area who desire that a local option election be called therein for the purpose of determining whether the sale of alcoholic beverages of one (1) or more of the various types and alcoholic content shall be prohibited or legalized with the prescribed limits of such county, justice's precinct, or incorporated city or town. The petition so issued shall clearly state the issue to be voted upon in such election, which shall be the same issue as that set out in the application; each such petition shall show the date of its issue by the County Clerk and shall be serially numbered, and each page of such petition shall bear the same date and serial number, and shall

bear the seal of the County Clerk. The County Clerk shall deliver as many copies of said petition as may be required by the applicants, and each copy shall bear the date, number and seal on each page as required in the original. The County Clerk shall keep a copy of each such petition and a record of the applicants therefor. When any such petition so issued shall within thirty (30) days after the date of issue be filed with the Clerk of the Commissioners Court bearing the <u>actual signatures of as many as twenty-five per cent (25%) of the qualified voters</u> of any such county, justice's precinct, or incorporated city or town, together with a notation showing the residence address of each of the said signers, <u>together with the number that appears on his poll tax receipt or exemption certificate, or a sworn statement that the signer is entitled to vote without holding either a poll tax receipt or an exemption certificate</u>, taking the votes for Governor at the last preceding General Election at which presidential electors were elected as the basis for determining the qualified voters in any such county, justice's precinct or incorporated city or town, it is hereby required that the Commissioners Court at its next regular session shall order a local option election to be held upon the issue set out in such petition. It shall be the duty of the County Clerk to check the names of the signers of any such petition, and the voting precincts in which they reside, to determine whether or not the signers of such petition are in fact qualified voters in such county, justice's precinct, or incorporated city or town at the time such petition is presented and to certify to the Commissioners Court the number of qualified voters signing such petition. No signatures shall be counted, either by the County Clerk or the Commissioners Court, where there is reason to believe it is not the actual signature of the purported signer or that it is a duplication either of name or of handwriting used in any other signature on the petition, and <u>no signature shall be counted</u> unless the residence address of the signer is shown, or <u>unless it is signed exactly as the name of the voter appears on the official copy of the current poll list or an official copy of the current list of exempt voters, if the signer be the holder either of a poll tax receipt or an exemption certificate.</u>

"The minutes of the Commissioners Court shall record the date any such petition is presented, the names of the signers thereof, and the action taken with relation to the same. In any election ordered by the Commissioners Court the issue ordered to appear on the ballot shall be the same as that applied for and set out in the petition. No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town."
/Emphasis added/

The affidavits you refer to in your first question are the affidavits of persons who have signed the petition who are entitled to vote without holding either a poll tax receipt or an exemption certificate. Voters who are exempt from paying a poll tax by reason of being over 60 years of age, and who reside in a city of 10,000 inhabitants or more must have a current exemption certificate in order to vote. Art. 5.16, Election Code. Voters who are over 60 years of age, who do not reside in a city of 10,000 inhabitants or more, are exempt from paying a poll tax and do not need an exemption certificate in order to vote. Thus we have three classes of voters who may sign a local option petition: (a) holders of current poll tax receipts, (b) holders of current exemption certificates, and (c) those who are exempt from paying the poll tax, and who are not required to hold a current exemption certificate. Why does Art. 666-32, P.C., require the signers of the petition who fall in categories (a) and (b) above to note the number that appears on their poll tax receipt or exemption certificate? It is obvious that the purpose of this requirement is to assist the County Clerk and the Commissioners Court in determining whether each signer of the petition is a qualified voter, making it possible to verify that fact by checking the records in the Tax Assessor-Collector's office. What assurance does the Clerk or Commissioners Court have that one who signs a petition who does not fall in either category (a) or (b) has passed his 60th birthday, so as to qualify under category (c)? Only the signatures of qualified voters may be counted, and the affidavit is the only method provided by the statute to prove up the qualification of those voters who live outside a city of 10,000 inhabitants or more and who are exempt from paying the poll tax. In answer to Question No. 1, we hold that it is mandatory that the affidavits be attached to or handed in with the petition for those voters who are exempt from paying a poll tax and who are not required to hold an exemption certificate, in order that their signatures be counted.

Honorable James T. Flynt, Page 5, WW-1356

Art. 666-36, P.C., provides:

"The officers holding such election shall, in all respects not herein specified, conform to the General Election Laws in force regulating elections and after the polls are closed proceed to count the votes and within twenty-four (24) hours thereafter make due report of said election to the aforesaid Court. The provisions of the General Election Laws shall be followed in calling and conducting said election where not inconsistent herewith."

In your second question you are concerned about the fact that voters over 60 years of age who do not reside in a city of 10,000 inhabitants or more, frequently go to their polling places on election day, do not have to show an exemption certificate, and are given a ballot to mark and cast; whereas under Art. 666-32, P.C., their affidavits are required in order for their signatures to be counted. In most election precincts in rural areas and in smaller towns the election judge will know the voters personally, and will be well aware of the fact that a certain person offering to vote in his precinct is over 60 years of age. This accounts for the election judge not requiring any affidavit from the voter. But if there were any doubt in the election judge's mind about the voter's eligibility to vote, such election judge could require not only the oath of the voter, but of some other well known resident of the precinct as well. Arts. 8.09 and 8.10, Election Code.

Art. 666-32, P.C., is concerned with the petition while Art. 666-36, P.C., applies to calling and conducting the election. There is no conflict with the Election Code and Art. 666-32, P.C. But if it could be said that the petition is a part of the election process, and if it could be said that Art. 666-32, P.C., which requires affidavits from exempt voters who have no exemption certificate is in conflict with the Election Code, then Art. 666-36, P.C., provides that the provisions of the Texas Liquor Control Act governing local option elections would be the applicable law to follow. In answer to Question No. 2, we hold Art. 666-32, P.C., is the statute to follow in determining whether the petition for the local option election is in proper form.

Smith v. Counts, 282 S.W.2d 422 (Civ.App. 1955) holds that the Commissioners Court may not call a local option election upon its own motion. Since we have held in answer to your first question that the attachment of the affidavits of exempt voters who are not required to hold an exemption certificate is mandatory, the signatures of such voters, without the necessary affidavits, cannot be counted. If this reduces the number of valid signatures below the number required by Art. 666-32, P.C., then there is no

authority to call the election, since the petition is insufficient . In answer to Question No. 3, we hold that the Commissioners Court may not call the election, unless the number of valid signatures on the petition meets the percentage required by Art. 666-32, P.C.

In determining the number of signatures required on the petition, Art. 666-32, P.C., requires that the Commissioners Court use the number of votes cast for Governor at the last preceding General Election, at which presidential electors were elected. For the county as a whole, if the local option election shall be county-wide, this would present no problem. Generally speaking, there ought not to be much of a problem in the ordinary case of a justice precinct, since election precincts generally conform to the boundaries of justice precincts, that is, within any one justice precinct there are usually one, two, three or more whole election precincts. In the case of a city or town, a different problem may be presented. Attorney General's Opinion No. S-27 holds that in cities with 10,000 inhabitants or more every ward of such cities shall constitute an election precinct, with the exception of wards in which more than 2,000 votes were cast in the last city election, and that no adjacent rural territory should be included in such precincts. Therefore, in cities having a population of 10,000 inhabitants or more there will be no problem. Our problem comes in connection with cities and towns with less than 10,000 inhabitants, wherein an election precinct may include territory lying within the town and adjacent rural territory. The Commissioners Court is called upon in such a case to determine how many people voted for Governor within such a town or small city, when there are no figures available which include only the town or city. Attorney General's Opinion No. 0-7218 holds that whenever a petition is presented to the County Clerk, he may adopt any means he deems necessary and proper to determine whether or not the required number of voters have signed the same, and by way of suggestion offers one possible solution to the problem.

21 Texas Jurisprudence 2d, Elections, Sec. 53, page 285, reads in part as follows:

"If the law directs an officer or officers to order an election when a certain number of qualified voters have joined in a petition for the same, it is made the duty of the officers to ascertain whether or not the requisite number of voters have joined in the petition and whether they are qualified. However, the officials will be allowed to exercise their own discretion in this matter, provided that their decision is based upon reason and fairness, and is not impelled by fraud or caprice."

Akers v. Remington, 115 S.W.2d 714 (Civ.App. 1938; error dism.) was decided at a time when the Commissioners Court could, by the express language of Art. 666-32, P.C., call a local option election on its own motion. This language has been deleted from Art. 666-32, P.C. Also at that time there was no requirement that the voters list their poll tax receipt number, exemption certificate number, or in lieu thereof sign an affidavit that they are exempt from paying the poll tax, when no exemption certificate is required. Nevertheless, if a petition was presented, it was the duty of the Commissioners Court to determine if the required number of voters had signed. With respect to that one point, we think the language of the Court at page 720 is still applicable here:

> ". . . The commissioners court could adopt any means it thought right and proper to ascertain . . . whether or not 10 per cent of the qualified voters . . . had signed it.......'

We answer Question No. 4 by holding that the Commissioners Court may determine by any reasonable means what number of voters will be required to constitute 25% of the voters who voted for Governor in a city in the last preceding General Election, at which presidential electors were elected, as required by Art. 666-32, P.C.

We hold in answer to Question No. 5, that the petitions should be complete within 30 days after their issuance and cannot thereafter be withdrawn for the purpose of attaching affidavits of exempt voters or the submission of additional names. Attorney General's Opinion No. MS-261.

Art. 666-32, P.C., provides in part:

> ". . . No signature shall be counted, either by the County Clerk or the Commissioners Court, where there is reason to believe it is not the actual signature of the purported signer or that it is a duplication either of name or of handwriting used in any other signature on the petition, and no signature shall be counted unless the residence address of the signer is shown, or unless it is signed exactly as the name of the voter appears on the official copy of the current poll list or an official copy of the current list of exempt voters, if the signer be the holder either of a poll tax receipt or an exemption certificate.
>
> ". . . ." /Emphasis added/

In answer to Question No. 6, we hold there is an equal duty on the County Clerk and the Commissioners Court to check the petition, and the Commissioners Court is not bound by the certification of the County Clerk.

In Powell v. Bond, 150 S.W.2d 337 (Civ.App. 1941) it was held at page 340:

". . . Under the local option laws previously in force and effect, it was uniformly held that 'it is the petition that confers upon the Commissioners' Court the jurisdiction to order the election.' Prather v. State, 12 Tex.App. 401, point page 404. That rule still applies. . . ."

In State ex rel. Burkett v. Town of Clyde, 18 S.W.2d 202 (Civ.App. 1929, error ref.) the question was raised whether the county judge could order an incorporation election for a town of less than 500 inhabitants, when the law required that there be more than 500 inhabitants. The Court stated at page 203:

"The question naturally arises: Can the county judge by ordering an election where there are fewer than the requisite number of inhabitants, thus set at naught the law with the effect that redress will be denied to every one aggrieved by such action? The test of the validity of such action, we think, is good faith on the part of the officer thus charged with the duty. The action of the officer is at all times supported by a presumption that he did what it was his duty to do. If the judge orders such an election, knowing or having good reason to believe that there does not exist the requisite number of inhabitants, his act in doing so would, no doubt, be held to be fradulent. . . ."

In City of El Paso v. Tuck, 282 S.W.2d 764 (Civ.App. 1955, error ref. n.r.e.), the Court, in discussing the duty of the County Judge when an incorporation petition is presented to him, stated at page 766:

"There seems to be a general rule of law that

"'In passing on petitions for elections and in deciding whether or not to call an election, the officer with whom such petition is filed performs a judicial and not a ministerial function.' 29 C.J.S., Elections, Sec. 69, p. 92."

Perkins v. Ingalsbe, County Judge, _____ Tex. _____, 347 S.W.2d 926 (1961) concerned the power of the County Judge to revoke an order of election for the incorporation of a town. The Supreme Court of Texas stated at page 929:

"The first question to be answered is: Did the County Judge have the power to revoke his election order and thus stop the election, so as to prevent those residents of Impact from expressing their preferences as to whether or not the area should be incorporated? We hold that because the petition was in due and legal form in compliance with the statutory requirements, and because the respondent had a hearing on the petition and found the statutory requirements present, and ordered the election and posted notices required by law, it follows that the election process was lawfully put in motion and the County Judge could not prevent its being carried to its conclusion. . . ." /Emphasis added/

In answer to Question No. 7, we hold that the action of the Commissioners Court, in passing on the sufficiency of the petition and calling the election, is a judicial function. Therefore, such Court may, during the same term of court at which the order calling the election was issued, set aside its previous order. After the term of court during which the order was signed has expired, the Commissioners Court may not set aside its order of election. Attorney General's Opinion No. O-2577 is overruled insofar as it holds that the calling of a local option election by the Commissioners Court is an administrative function.

S U M M A R Y

It is mandatory that the affidavits be attached or handed in with the petition for those voters who are exempt from paying a poll tax and who are not required to hold an exemption certificate, in order that their signatures be counted. Art. 666-32, P.C.

Art. 666-32, P.C., is the applicable statute to follow in determining whether the petition for the local option election is in proper form. There is no conflict between Art. 666-32, P.C., and the Election Code. Art. 666-36, P.C.

The Commissioners Court may not call a local option election, unless the number of valid signatures on the petition meets the percentage required by Art. 666-32, P.C.

The Commissioners Court may determine by any reasonable means what number of voters will be required to constitute 25% of the voters who voted for Governor in a city in the last preceding General Election, at which presidential electors were elected, as required by Art. 666-32, P.C.

The petitions should be completed within 30 days after their issuance and cannot thereafter be withdrawn for the purpose of attaching affidavits of exempt voters or the submission of additional names.

There is an equal duty on the County Clerk and the Commissioners Court to check the petition, and the Commissioners Court is not bound by the certification of the County Clerk.

The action of the Commissioners Court in passing on the sufficiency of the petition and calling the election is a judicial function. Such Court may, at the same term of court during which the order calling the election was issued, set aside its previous order. After the term of court during which the order was signed has expired, the Commissioners Court may not set aside its order of election.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant

REF:ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Elmer McVey
Ernest Fortenberry
Iola Wilcox
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore