

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 19, 1968

Hon. Thomas J. Purdom
County Attorney
Lubbock County Courthouse
Lubbock, Texas 79401

Dear Mr. Purdom:

Opinion No. M-324

Re: Construction of Article 666-32, Vernon's Penal Code, as to determining computation of the required twenty-five percent of the qualified voters whose signature must appear on a petition for a local option liquor election in a particular justice precinct.

You have requested a construction of Article 666-32, Vernon's Penal Code, relative to the number of voters required to call a local option election on the sale of alcoholic beverages in a justice precinct in your county. The pertinent part of the statute is:

"When any such petition so issued shall within thirty days after the date of issue be filed with the county clerk bearing the actual signatures of as many as twenty-five percent of the qualified voters of any such county, justice precinct, or incorporated city or town, together with a notation showing the residence address of each of the said signers, together with the number that appears on his voter registration certificate, taking the vote for Governor at the last preceding general election at which presidential electors were elected as the basis for determining the number of qualified voters in any such county, justice precinct, or incorporated city or town, it is hereby required that the commissioners court at its next regular session shall order a local option election to be held upon the issue set out in such petition. . . ."
(Emphasis added.)

-1590-

Hon. Thomas J. Purdom, page 2 (M-324)

You state in your request that a local option petition was issued by the county clerk prior to the General Election held on November 5, 1968, and was filed by the petitioners on November 8, 1968 with the county clerk. You have requested a construction of Article 666-32, Vernon's Penal Code, to determine the computation of the required twenty-five percent of the qualified voters whose signature must appear on a petition for a local option liquor election in a particular justice precinct. Specifically you have requested to know if the vote for Governor in the General Election on November 5, 1968, is the proper General Election to meet the requirements of twenty-five percent of the qualified voters whose signatures must appear on the petition filed in the county clerk's office.

The provisions in Article 666-32, Vernon's Penal Code, governing the request for petitions and the issuance of petitions are for insuring that the petitions will be obtained in proper form and to provide a record for the requirements of Article 666-32½ of Vernon's Penal Code.

In our opinion the instrument issued by the county clerk never becomes a petition signed by the voters until it is filed in the county clerk's office. The date of filing is the date that the petition becomes an official petition. It is the petition that confers the jurisdiction to call the election. cf.: Powell v. Bond, County Attorney, 150 S.W.2d 337 (Tex.Civ. App. 1941, error ref.); and see Bennett v. Moore, 157 S.W.2d 515 (Ark.Sup. 1942), holding that it is the time of filing of a petition that will govern in determining the number of legal voters and the percentage thereof for determination of the calling of an election. Since the only petition on file was filed subsequent to the General Election of November 5, 1968, the petition must meet the test of "twenty-five percent of the qualified voters taking the vote for Governor at the last preceding general election at which presidential electors were elected as the basis for determining the number of qualified voters in any such county, justice precinct, or incorporated city or town." Under the facts submitted, the last presidential general election is November 5, 1968.

## S U M M A R Y

Where a petition for a local option liquor election is filed after the General Election on November 5, 1968, the General Election of November

5, 1968, is the proper election upon which to make the computation of the required twenty-five percent of qualified voters required in Article 666-32, Vernon's Penal Code, for the petition.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
John Banks
Linward Shivers
Jack Sparks
Fisher Tyler

HAWTHORNE PHILLIPS,
Staff Legal Assistant