

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 11, 1973

The Honorable Tim Curry
Criminal District Attorney
Tarrant County
Ft. Worth, Texas 76102

Opinion No. H- 181

Re: The law controlling local
option petitions issued
before, but filed after,
the effective date of new
legislation.

Dear Mr. Curry:

You have advised us that residents of five municipalities in a justice precinct which had recently voted "wet" obtained petitions from the county clerk for the purpose of calling elections to prohibit the sale of alcoholic beverages in those towns. All petitions were obtained prior to August 27, 1973, and the proponents apparently were advised they needed the signatures of only 25 per cent of the eligible voters. The petitions were "filed" with the county clerk after August 27, 1973, which was the effective date of Amendments to Article 666-32, Vernon's Texas Penal Code, (Acts 1973, 63rd Leg., ch. 219, p. 508) which, inter alia, changed the number of signatures required on a petition for a local option election from 25 per cent to 35 per cent of the eligible voters. Your first question is whether petitions issued before August 27, 1973, but returned after that date require signatures of 25 per cent or 35 per cent of the qualified voters before a local option election is required.

Article 666-32, V. T. P. C., as amended provides in part:

"The commissioners court of each county in the state, upon proper petition, shall order an election wherein the qualified voters of such county, or of any justice precinct, or incorporated city or town therein, may by the exercise of local option determine whether or

not the sale of alcoholic beverages of one or more of the various types and alcoholic contents shall be prohibited or legalized within the prescribed limits of such county, justice precinct, or incorporated city or town.

. . .

...When any such petition so issued shall within thirty days after the date of issue be filed with the county clerk bearing the actual signatures of as many as thirty-five percent of the qualified voters of any such county, justice precinct, or incorporated city or town, together with a notation showing the residence address of each of the said signers, together with the number that appears on his voter registration certificate, all of which information shall be in the actual handwriting of the signers of the petition, taking the vote for Governor at the last preceding general election as the basis for determining the number of qualified voters in any such county, justice precinct, or incorporated city or town, it is hereby required that the commissioners court at its next regular session shall order a local option election to be held upon the issue set out in such petition." (emphasis added)

We are sympathetic to the situation in which the proponents of the election find themselves. However, we are not at liberty to consider the equities. Our only authority is to construe the law. And here we find ourselves faced with clear language of the statute and the precedent of Attorney General Opinion M-324 (1968). There petitions were issued before a general election, but were returned and filed after the election. In response to an inquiry concerning whether the last preceding general election was determined by reference to the date of issuance or to the date of filing, this office held that the date of filing was the appropriate date. In that opinion we said:

"In our opinion the instrument issued by the county
clerk never becomes a petition signed by the voters until
it is _filed_ in the county clerk's office.   The date of filing
is the date that the petition becomes an official petition.
It is the petition that confers the jurisdiction to call the
election. cf: Powell v. Bond, County Attorney, 150 S. W.
2d 337 (Tex.  Civ.  App.  1941, error ref. ); and see Bennett
v.  Moore, 157 S. W.  2d 515 (Ark.  Sup.  1942), holding
that it is the _time of filing_ of a petition that will govern in
determining the number of legal voters and the percentage
thereof for determination of the calling of an election.
Since the only petition on file was filed subsequent to
the General Election of November 5, 1968, the petition
must meet the test of 'twenty-five percent of the qualified
voters taking the vote for Governor at the last preceding
general election at which presidential electors were
elected as the basis for determining the number of
qualified voters in any such county, justice precinct,
or incorporated city or town. '  Under the facts submitted,
the last presidential general election is November 5,
1968. "

We believe the statutory language requiring that a petition "be
filed with the county clerk bearing the actual signature of as many as
thirty-five percent of the qualified voters" requires the conclusion that
the law in effect on the date of filing likewise controls the percentage
of voters which is required to sign the petition.

Your second question is whether the commissioners court must
order an election at its next regular meeting after a petition is filed.
In this regard you advise us that the county clerk often is unable to
check and certify the petition before the regular meeting of the
commissioners court.

Another portion of amended Article 666-32, V. T. P. C. provides:

"It shall be the duty of the county clerk to check the names of the signers of any such petition, and the voting precincts in which they reside to determine whether or not the signers of such petition were in fact qualified voters in such county, justice precinct, or incorporated city or town at the time such petition was issued, and to certify to the commissioners court the number of qualified voters signing such petition. No signature shall be counted, either by the county clerk or the commissioners court, where there is reason to believe it is not the actual signature of the purported signer, or that the voter registration certificate number is not correct or in the actual handwriting of the signer, or that it is a duplication either of name or of handwriting used in any other signature on the petition, and no signature shall be counted unless the correct residence address of the signer is shown in the actual handwriting of the signer and unless it is signed exactly as the name of the voter appears on the official copy of the current list of registered voters for the voting year which the petition is issued.

"The minutes of the commissioners court shall record the date any such petition is presented, the names of the signers thereof, and the action taken with relation to the same."

The commissioners court is required to order an election only on presentation of a _proper_ petition. The statute provides guidelines for the county clerk and the commissioners court to use in ascertaining the authenticity of the signatures. We believe the commissioners court must order an election at its first regular meeting after the petition is certified by the county clerk. Ellis v. Vanderslice, 486 S.W. 2d 155 (Tex. Civ. App. Dallas, 1972, no writ).

### SUMMARY

The law which is effective on the date a local option petition is filed determines the number of signatures required. If the petition is in the correct form and contains the required number of signatures, the commissioners court must order an election at its first regular meeting after the county clerk certifies the number of qualified voters signing the petition.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee